373 So.2d 904 (1979)
Michael Wade CHIKITUS, Petitioner,
v.
Thomas W. SHANDS, Etc., Respondent.
No. 53834.
Supreme Court of Florida.
July 26, 1979.
Wilbur C. Smith, III of Smith & Carta, Fort Myers, for petitioner.
Jim Smith, Atty. Gen., and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for respondent.
ALDERMAN, Justice.
We have for review by petition for writ of certiorari the March 14, 1978, order of the District Court of Appeal, Second District, Case No. 78-403, denying the petition of Michael Wade Chikitus for writ of prohibition. We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution. The question presented is whether a prior conviction of reckless driving, willful and wanton, proscribed by section 316.029, Florida Statutes (1975), bars a subsequent prosecution for vehicular homicide proscribed by section 782.071, Florida Statutes (1975). We hold that reckless driving is a lesser included offense of vehicular homicide and that a prior conviction of that offense would bar a subsequent prosecution for vehicular homicide arising from the same facts.
Chikitus, while driving an automobile, was involved in an accident which resulted in the death of two people. He was charged with, pled nolo contendere to, and was convicted of willful and wanton reckless driving contrary to section 316.029. Subsequently, he was charged with two counts of vehicular homicide in violation of section 782.071. These charges arose out of the same accident as the willful and wanton reckless driving charge. Chikitus filed a motion to dismiss the information, arguing, among other things, that double jeopardy prevented him from being tried for vehicular homicide because reckless driving is a lesser included offense of vehicular homicide and because he previously had been convicted of a reckless driving charge stemming from the same facts. The motion to dismiss was denied. Chikitus then filed a petition for writ of prohibition in the Second District. The district court, citing its previous decision in State v. Stiefel, 256 So.2d 581 (Fla. 2d DCA 1972), denied the writ on the ground that the reckless driving charge was a continuing offense, and thus double jeopardy was not applicable to bar the vehicular homicide prosecution.
Chikitus argues that, since by its statutory definition "`vehicular homicide' is the *905 killing of a human being by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another," it is legally impossible to prove a vehicular homicide without also proving the reckless operation of a motor vehicle, and thus reckless driving is clearly a lesser included offense of vehicular homicide. According to Chikitus, his previous conviction of reckless driving bars a subsequent prosecution for vehicular homicide based on the same facts.
The respondent argues that Chikitus waived his double jeopardy claim when he pled nolo contendere to the reckless driving charge because there is now no way to determine whether the vehicular homicide offense is based upon the same evidence that would have been used to procure a conviction on the reckless driving charge.
Our recent decisions in McCreary v. State, 371 So.2d 1024 (Fla. 1979), and State v. Young, 371 So.2d 1029 (Fla. 1979), hold that vehicular homicide is a lesser included offense of manslaughter by culpable negligence in the operation of a motor vehicle. In McCreary, we stated that the legislature did not act in an unreasonable manner when it created vehicular homicide to cover the hiatus between manslaughter and reckless driving. Under our rationale in McCreary and Young, vehicular homicide cannot be proven without also proving the elements of reckless driving. Accordingly, we hold that reckless driving is a lesser included offense of vehicular homicide and that double jeopardy applies to bar a subsequent prosecution for vehicular homicide when a defendant previously has been convicted of the charge of reckless driving arising from the same facts. We reject respondent's argument that Chikitus waived his double jeopardy claim by pleading nolo contendere because the operation of double jeopardy as a bar to prosecution is triggered, not by the nature of the evidence adduced at the prior trial but by the elements of the previous crime charged.
Respondent also argues that since the offense of reckless driving is a "continuing offense," it may be a completed offense at every point along the route of travel, and therefore it is possible that Chikitus' reckless driving conviction was based on his driving which occurred prior to the impact that caused the deaths. Under such circumstances, respondent argues, double jeopardy would not apply since the charges would not arise out of the same facts. This argument is not supported by the charging documents. The complaint charging reckless driving and the information charging vehicular homicide both allege the accident as the ultimate fact supporting the respective charges. In view of this, we cannot say that the charge of vehicular homicide is based on different facts than the charge of reckless driving so as to prevent the application of double jeopardy. A different situation might be presented and double jeopardy may not apply if the reckless driving complaint had been based upon ultimate facts different from the accident that caused the deaths.
Accordingly, we hold that Chikitus' prior conviction of reckless driving is a bar to his subsequent prosecution for vehicular homicide arising from the same facts. We issue the writ and quash the decision of the Second District and remand the cause for proceedings consistent with this opinion.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON and SUNDBERG, JJ., concur.