PER CURIAM.
The defendant was charged and convicted of manslaughter by operating a motor vehicle while intoxicated, in violation of Section 316.1931(1), (2)(c), Florida Statutes (1985),[1] and vehicular homicide, in violation of Section 782.071, Florida Statutes (1985). Both charges arose out of a collision in which the driver of the other vehicle was killed.
We find no error in the trial court’s admission of the results of a blood alcohol test administered to the defendant because, contrary to the defendant’s contention, (1) the objective facts and circumstances of the defendant’s condition and the vehicular accident known to the law enforcement officer who ordered the blood test gave him probable cause to believe that the defendant’s operation of her vehicle while intoxicated caused the other driver’s death, see § 316.1933(1), Fla. Stat. (1985); Jackson v. State, 456 So.2d 916 (Fla. 1st DCA 1984); and (2) the State laid a proper foundation for the admission of this evidence. However, as the State candidly concedes, there being only one homicide, the defendant cannot be convicted for both the second-degree felony of D.W.I. manslaughter and the *724 third-degree felony of vehicular homicide. Accordingly, the conviction and sentence for the lesser offense of vehicular homicide is vacated. Vela v. State, 450 So.2d 305 (Fla. 5th DCA 1984), approved, Houser v. State, 474 So.2d 1193 (Fla. 1985);[2] Ubelis v. State, 384 So.2d 1294 (Fla. 2d DCA 1980); Thomas v. State, 380 So.2d 1299 (Fla. 4th DCA 1980); Carr v. State, 338 So.2d 267 (Fla. 1st DCA 1976). See generally Carawan v. State, 515 So.2d 161 (Fla. 1987). We remand for resentencing on the D.W.I. manslaughter conviction after the points scored for the vehicular homicide on the sentencing guidelines scoresheet have been eliminated.
Reversed and remanded.

. Originally codified at Section 860.01(1), (2), Florida Statutes (1981), Section 316.1931 was repealed by Chapter 86-296, Section 13, Laws of Florida (effective October 1, 1986), and replaced by Section 316.193, Florida Statutes (Supp. 1986). The offense in the present case occurred in April 1986.

. It appears that in Grata v. State, 414 So.2d 621 (Fla. 3d DCA 1982), this court affirmed convictions for both D.W.I. manslaughter and vehicular homicide as to a single death. On this issue. Grata has been overruled sub silentio by Houser, 474 So.2d 1193.