531 So.2d 338 (1988)
STATE of Florida, Petitioner,
v.
Anthony BARRITT, Respondent.
No. 71624.
Supreme Court of Florida.
September 29, 1988.
Robert A. Butterworth, Atty. Gen. and Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for petitioner.
Michael E. Allen, Public Defender and P. Douglas Brinkmeyer and Pamela D. Presnell, Asst. Public Defenders, Second Judicial Circuit, Tallahassee, for respondent.
BARKETT, Justice.
We review Barritt v. State, 517 So.2d 65 (Fla. 1st DCA 1987), in which the district court held that reckless driving is a necessarily lesser included offense of vehicular homicide. The district court certified the following question as one of great public importance:
Is reckless driving a necessarily lesser included offense of vehicular homicide such that, where a court refuses to give the requested instruction on reckless driving during a trial on vehicular homicide, it commits reversible error?
Id. at 68. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Respondent was charged with leaving the scene of an accident involving personal injury and vehicular homicide. The trial court denied respondent's request for a jury instruction on reckless driving as a lesser included offense of vehicular homicide.[*] Respondent was found guilty on both counts and sentenced to five years on each count to run concurrently.
The First District reversed, finding respondent entitled to the requested instruction under this Court's decisions in Chikitus v. Shands, 373 So.2d 904 (Fla. 1979), and State v. Wimberly, 498 So.2d 929 (Fla. 1986). The First District perceived some lack of clarity, however, between these decisions and our statement in Martin v. State, 342 So.2d 501, 502 (Fla. 1977), that where a homicide has taken place, "proper jury instructions are limited to those charges involving lawful and unlawful homicide," id. at 502, and certified the question presented.
In Chikitus, the defendant was convicted of reckless driving after causing an accident in which two people were injured. Subsequent to his convictions, the two accident victims died and the state attempted to charge Chikitus with vehicular homicide. This Court held that double jeopardy precluded any trial for vehicular homicide because the defendant's conviction for reckless driving stemmed from the same facts that supported the reckless driving conviction. *339 373 So.2d at 905. In that context, we recognized that the state could not prove vehicular homicide without also proving that the defendant had been driving in a reckless manner. Id. We adhere to Chikitus for double jeopardy purposes.
However, this case does not present a double jeopardy question. The issue here is only the appropriateness of legal instructions necessary to determine the degree of culpability at trial.
Technically, reckless driving is a necessarily lesser included offense of vehicular homicide. Normally, a defendant is entitled to an instruction on all necessarily lesser included offenses. Wimberly. Furthermore, a trial judge must give a requested instruction on a necessarily lesser included offense even when the evidence at trial, which is sufficient to convict of the lesser included offense, also incontrovertibly shows that the lesser included offense could not have been committed without also committing the greater charged offense. Id. at 930.
In this case, however, unquestionably a death occurred, and in cases of homicide we have treated the technically required instructions on lesser included offenses differently. In Martin, we held that a defendant who is charged with second-degree murder is not entitled to an instruction on aggravated assault even though aggravated assault technically may qualify as a lesser included offense of murder. 342 So.2d at 502. We reasoned that where death is not an issue, no rational purpose would be served by instructing on aggravated assault. Id. We find the rationale of Martin equally applicable when vehicular homicide is the charge.
Thus, Martin controls this case and mandates a negative answer to the certified question. If vehicular homicide is charged, a requested instruction on reckless driving need not be given where it is undisputed that a death has occurred as a result of the accident. We thus quash the decision of the First District and remand for reinstatement of respondent's judgment and sentence.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, GRIMES and KOGAN, JJ., concur.
SHAW, J., concurs specially in result only with an opinion.
SHAW, Justice, specially concurring in result only.
The facts as given by the district court below were that respondent was driving fifty to sixty miles per hour in a forty-five mile-per-hour zone, apparently on a two-lane highway, while being closely chased by another vehicle. He attempted to pass a third vehicle on a hill as a semi-trailer approached from the opposite direction. As respondent pulled back into his lane, he struck the rear of the vehicle he was over-taking causing that vehicle to go broadside into the path of the semi-trailer. An occupant of the broadsided vehicle was instantly killed. Respondent veered into the ditch, emerged, stopped briefly, and then fled. He was charged with and convicted of vehicular homicide and leaving the scene of an accident involving personal injury. The trial court refused to give an instruction on reckless driving as a necessarily lesser included offense of vehicular homicide. On appeal, the district court noted that vehicular homicide was not listed in the Schedule of Lesser Included Offenses of the Florida Standard Jury Instructions in Criminal Cases but concluded that it was legally impossible to prove vehicular homicide without proving reckless driving and therefore reckless driving was a necessarily lesser included offense of vehicular homicide. The district court then canvassed this Court's case law, e.g., Chikitus v. Shands, 373 So.2d 904 (Fla. 1979), State v. Wimberly, 498 So.2d 929 (Fla. 1986), Martin v. State, 342 So.2d 501 (Fla. 1977), and found disarray but concluded that the conviction for vehicular homicide should be reversed for failure to instruct on a necessarily lesser included offense. Chikitus; Wimberly. Because of conflict with Martin, the district court certified a question of great public importance:

*340 Is reckless driving a necessarily lesser included offense of vehicular homicide such that, where a court refuses to give the requested instruction on reckless driving during a trial on vehicular homicide, it commits reversible error?
Barritt v. State, 517 So.2d 65, 68 (Fla. 1st DCA 1987). Relying on Chikitus, the majority holds that "[t]echnically, reckless driving is a necessarily lesser included offense of vehicular homicide," at 339, and that Wimberly normally requires that the conviction be reversed for failure to instruct on a necessarily lesser included offense. However, relying on Martin, the majority concludes that, in this case, reversal is not appropriate because a death occurred and the certified question should be answered in the negative. I concur in the result but write separately because the rationale of the majority is irrelevant to the issue posed and perpetuates superseded law.
The legislature has established a specific test for determining whether two offenses are separate offenses subject to separate convictions and separate punishments, or whether one of the offenses may be presented as a jury alternative because it is a lesser included offense of the other, i.e., is not a separate offense.
The plenary power to define offenses and prescribe their punishment rests exclusively with the legislative branch. Whalen v. United States, 445 U.S. 684, 689, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715 (1980), and cases cited therein; Bradley v. State, 79 Fla. 651, 84 So. 677 (1920); Hutchinson v. State, 315 So.2d 546 (Fla. 2d DCA 1975). It is not the prerogative of the courts, based on the accusatory pleadings or the proof adduced at trial, to instruct juries that they may treat statutorily defined separate offenses as lesser included offenses.
Wilcott v. State, 509 So.2d 261, 264 (Fla. 1987) (Shaw, J., dissenting). The statutory elements of vehicular homicide include the killing of a human being. § 782.071, Fla. Stat. (1985). The statutory elements of reckless driving include disregard for the safety of persons or property. § 316.192, Fla. Stat. (1985). Each offense contains a statutory element not present in the other which by statutory definition means they are separate offenses subject to separate convictions and punishment. § 775.021(4), Fla. Stat. (1985). The conclusion of the majority, and the court below, that reckless driving is a lesser included offense of vehicular homicide is thus by statutory definition erroneous. Application of section 775.021(4) ends the inquiry and resolves the case. Respondent was not entitled to a lesser included instruction because reckless driving is a separate offense from, and not a lesser included offense of, vehicular homicide.
The correctness of the above analysis is confirmed by recent legislative action. Chapter 88-131, section 7, Laws of Florida, amends section 775.021(4) to read as follows (changes are underlined):
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
*341 It is clear from the above amendment that the legislature intends, and previously intended,[1] that separate offenses, as defined by the legislature, are subject to separate convictions and separate sentences and that the sentencing judge has sole discretion on whether the sentences for separate offenses will be imposed concurrently or consecutively. The impact of these statutory changes on this Court's case law is substantial.[2] As they apply here, the changes have two effects.
First, the amendment clearly overrides Chikitus.[3] As defined by the legislature, vehicular homicide and reckless driving are separate offenses subject to separate convictions and separate sentences. There is no double jeopardy issue. As we now know, a defendant has no right to obtain an instruction on a separate uncharged offense or to object to separate prosecutions for separate offenses as in Chikitus. The double jeopardy clause only prohibits multiple or successive prosecution for the same statutory offense. The clause imposes no meaningful restriction on the legislative power to define offenses and prescribe punishment, including, if it wishes, multiple convictions and punishments for the same conduct. As the Supreme Court held:
Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under Blockburger, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.
Missouri v. Hunter, 459 U.S. 359, 368-69, 103 S.Ct. 673, 679-80, 74 L.Ed.2d 535 (1983). See also State v. Enmund, 476 So.2d 165 (Fla. 1985). As the quotation above shows, by codifying the rule of Blockburger v. United States, 284 U.S. 299 (1932), in section 775.021(4), the Florida Legislature has established a statutory double jeopardy clause which grants an accused greater protection than that offered by the double jeopardy clause of the United States and Florida Constitutions.
Second, because reckless driving is a separate offense subject to separate convictions and punishment under section 775.021(4), there is no need to resort to Martin to show that there is no right to a lesser included instruction. The state could have, but chose not to, charge reckless driving as a separate offense. As we recently held,
[a] writ of prohibition is the appropriate remedy when a trial court attempts to interfere with the prosecutorial discretion of a state attorney. See Cleveland v. State, 417 So.2d 653 (Fla. 1982). Under *342 Florida's constitution, the decision to charge and prosecute is an executive responsibility, and the state attorney has complete discretion in deciding whether and how to prosecute. Art. II, § 3, Fla. Const.; Cleveland; State v. Cain, 381 So.2d 1361 (Fla. 1980); Johnson v. State, 314 So.2d 573 (Fla. 1975).
State v. Bloom, 497 So.2d 2, 3 (Fla. 1986). The statutory elements of permissive lesser included offenses, as defined by Brown v. State, 206 So.2d 377, 383 (Fla. 1968), are not subsumed within the charged greater offense and are thus separate offenses. Under section 775.021(4), a court is prohibited from adding a lesser separate offense to the charged greater offense by mislabeling it as a "permissive" lesser included offense and instructing the jury that it may convict in the alternative. Ohio v. Johnson, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984); Bloom.
The rationale of the majority here and in Martin is sound, assuming that the lesser offense is truly a necessarily lesser included offense as defined by section 775.021(4). This is nothing more than application of Sparf v. United States, 156 U.S. 51, 15 S.Ct. 273, 39 L.Ed. 343 (1895), Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965), and Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 300, 49 L.Ed.2d 974 (1976), all of which hold that if the unique element(s) of the greater offense which distinguishes it from the lesser offense is not at issue, the jury cannot rationally find the defendant guilty on the lesser offense and not guilty on the greater and should not be instructed that it may do so.[4] Under these circumstances, a defendant is either guilty of both offenses or not guilty of either. See Sansone which contains an excellent analysis of this point in a nonhomicide context. It is irrational to rely on this common sense rule when the greater offense is homicide and the unique element of the greater offense is the deceased victim, as here, while denying the same common sense rule when the unique element is something other than a deceased victim as in Wimberly and Wilcott.
In Wimberly, we interpreted Florida Rule of Criminal Procedure 3.510(b) so as to require a reversal of a conviction for battery of a law enforcement officer by a prisoner in a state correctional institution because the jury was not instructed on the lesser included offense of simple battery. We so held, on the basis of a right to a "jury pardon," despite the fact that it was uncontroverted that the alleged victim was a uniformed guard inside a state institution and the battery was allegedly committed by a prisoner inside the institution. Later, relying on Wimberly, we reached a similar result in Wilcott when we reversed a conviction for possession of contraband (marijuana) in a state penal institution for failure to instruct on a lesser offense of simple possession despite the uncontroverted fact that the defendant was confined in a state penal institution. In applying Wilcott to an on point factual situation, a district court recently felt constrained to comment:
Originally the term "jury pardon" was an oblique and cynical reference to the fact that since the jury's secret heart and motive for a particular verdict was not subject to legal scrutiny, the jury had the bare power to disregard the evidence, disregard their own lack of reasonable doubt as to the defendant's guilt, disregard the law, and disregard their oath and find a guilty defendant not guilty and that, occasionally, the jury did this and thereby "pardoned" the defendant of his crime. Unfortunately, the colorful name for this abuse of the jury system has been extended, dignified, elevated, and incorporated into the law as a respectable doctrine and good law has even been abandoned or distorted in order to legitimize the doctrine. The result, as in this case, certainly justifies public dissatisfaction: a criminal conviction based upon a jury verdict finding guilt beyond every reasonable doubt is, on appeal, set aside based on the dubious presumption that the jury found the defendant guilty *343 as charged not because he was guilty and proven so beyond a reasonable doubt, but because the jury was not given the opportunity to find him guilty of some other crime of lesser degree or punishment!
In the interest of justice and the law, the Florida Supreme Court should turn its face from the pernicious notion that a criminal defendant has some kind of right to have the jury given a verdict alternative so that it can compromise its oath and return a verdict of guilt as to some lesser included offense. A defendant has no right to be charged or tried as to any particular crime  the right to charge or not charge a defendant with a particular crime (the charging discretion) belongs to the State's attorney.
Florida Rule of Criminal Procedure 3.510 provides in part that "[t]he judge shall not instruct on any lesser included offense as to which there is no evidence." In this case, the defendant was charged, and proven, to have introduced or possessed contraband (cannabis) upon the grounds of the Tomoka Correctional Institution. There is absolutely no evidence that Tomoka Correctional Institution was not a state correctional institution within the meaning of section 944.47, Florida Statutes, or that at the time and place alleged, the defendant possessed or introduced the cannabis at some place other than a correctional institution. If bad law as to jury pardons has evolved in criminal case law, and it has, and the courts are now helpless to make the needed reform, then it is time for the legislature to address and correct the miscarriage of justice that now regularly results from the misguided idea of the jury's "right" to "pardon" a criminal and the defendant's "right" to have the jury "pardon" him. This is no part of the jury trial guaranteed by the Constitution.
State v. Jess, 523 So.2d 1268, 1269 (Fla. 5th DCA 1988) (footnote omitted).[5] The legislature, at least in part, has responded to the above urging by amending section 775.021(4) to proscribe, except for attempts, the presentation of category two, permissive lesser included offenses, as alternative jury verdicts.
It is the responsibility of the trial judge to charge the jury in accordance with the law as it exists when the case comes before the court. In the Matter of the Use By the Trial Courts of the Standard Jury Instructions in Criminal Cases and the Standard Jury Instructions in Misdemeanor Cases, 431 So.2d 594, 598 (Fla. 1981). Accordingly, I would take this opportunity to amend the jury instructions and recede from all confusing case law which is contrary to section 775.021(4), as amended. The jury instructions can be easily amended by simply deleting category two permissive lesser included offenses entirely and ordering that they no longer be used. Attempts, which are quintessential necessarily included offenses but are currently mislabeled as permissive lesser included offenses, should be accurately labeled as attempts and should be instructed upon when the completion of the offense is at issue. Fla.R.Crim.P. 3.510(a). In addition, rule 3.510(b) should be amended to remove the contradiction with rule 3.510(a)[6] by adopting the rule of Sparf, *344 Sansone, Roberts, and Martin. This amendment would require only that we delete the words "a necessarily included offense or" from rule 3.510(b).
One other aspect of section 775.021(4) deserves comment. In Enmund, we held that the underlying felony was not a lesser included offense of felony murder and was, thus, subject to separate conviction and punishment. For the reasons expressed in my special concurrence to Enmund, I continue to believe that this result is consistent with law, logic, and justice. However, there are other instances, not involving underlying felonies, where conviction and punishment for both a homicide and an attendant felony may not be consistent with logic and justice even though it is consistent with law, section 775.021(4). I refer specifically to crimes such as battery (section 784.03, Florida Statutes), and aggravated battery (section 784.045, Florida Statutes), which directly cause the death of the victim. Intuitively, it does not seem rational to include a separate charge for the offense (battery) which directly resulted in the greater offense (murder). I recognize that few prosecutors would separately charge battery or aggravated battery under these circumstances and the question may be more theoretical than actual. Nevertheless, I would recommend that the legislature add a fourth exception to section 775.021(4)(b) ruling out the possibility of such separate convictions and sentences.
For the above reasons, I concur in result only.
NOTES
[*] Vehicular homicide, a third-degree felony, "is the killing of a human being by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another." § 782.071, Fla. Stat. (1985). Reckless driving, a misdemeanor, is "driv[ing] any vehicle in willful or wanton disregard for the safety of persons or property." § 316.192, Fla. Stat. (1985).
[1] The new § 775.021(4)(b) does not change the substantive meaning of § 775.021(4)(a). It simply explains the meaning of 775.021(4)(a) and lists the only three instances where an offense may be treated as a lesser included offense, i.e., an offense which is not separate from the charged greater offense and not subject to separate conviction and separate punishment.
[2] In Carawan v. State, 515 So.2d 161 (Fla. 1987), we relied on a perceived distinction between "act" and "acts" and the rule of lenity in § 775.021(1), Fla. Stat. (1985), to hold that the legislature did not intend separate convictions and separate sentences for two separate offenses as stated in § 775.021(4), Fla. Stat. (1985). The amendment expressly rejects our interpretation by making it clear that we are to strictly apply § 775.021(4) without regard for "act" or "acts" and the rule of lenity. In Brown v. State, 206 So.2d 377 (Fla. 1968), we designated a set of separate offenses as category four, permissive lesser included offenses. These offenses are currently designated as category two offenses in our standard jury instructions. The explicitness of the legislative amendment, particularly the listing of the only three exceptions to the rule that separate offenses will receive separate convictions and separate punishments, bars further use of category two, permissive lesser included offenses, except for attempts, as alternatives to the charged offense. The three types of offenses listed in § 775.021(4)(b) are the only lesser included offenses which may be presented as alternative verdicts for the jury to consider.
[3] Chikitus was actually overridden in 1983 when Ch. 83-156, Laws of Fla. was enacted, substantially amending § 775.021(4) to define the method of identifying separate and lesser included offenses. Theretofore, because of a misperception of the double jeopardy clause, the legislature had exempted lesser included offenses from the operations of § 775.021(4), Fla. Stat. (1981). State v. Enmund, 476 So.2d 165, 168 (Fla. 1985) (Shaw, J. concurring specially). So far as I am aware, this case presents our first opportunity to revisit Chikitus.
[4] See my analysis of this issue in State v. Wimberly, 498 So.2d 929, 932 (Fla. 1986) (Shaw, J., dissenting).
[5] Providing the jury with an irrational variety of lesser offenses does not always benefit the defendant. A jury might agree that a defendant is not guilty beyond a reasonable doubt of the charged greater offense but convict on a lesser offense under the theory that he is generally antisocial and did "something" wrong and "deserves" to be punished, though not so severely as under the charged offense. Alternatively, a jury divided on the charged, greater offense might resolve its conflict by compromising on a conviction for a lesser offense in lieu of protracted deliberation or a mistrial. Irrationality in jury instructions, like the rain, falls on the just and the unjust.
[6] Rule 3.510 contains within its two subsections the contradiction at issue. Subsection (a) follows the common sense rule of Sparf, Sansone, and Roberts that a jury should not be instructed on an attempt when the element(s) distinguishing the greater, completed offense from the lesser included, attempted offense is not at issue. Subsection (b) follows the contradictory rule of Wimberly and Wilcott that the jury should be instructed on a lesser offense even though the element(s) distinguishing the greater, charged offense from the lesser included offense is not at issue.