SCHEB, Acting Chief Judge.
The defendant, Junior Dewayne Malo-ney, was convicted of five criminal offenses, all arising from the same drug transaction: (1) conspiracy to traffic in cocaine; (2) trafficking in cocaine; (3) delivery of cocaine; (4) possession of cocaine; and (5) carrying a concealed firearm. The trial court sentenced the defendant for trafficking to fifteen years, which was the statutory minimum mandatory sentence for that offense. He received another term of fifteen years for conspiracy to traffic and three terms of five years each for the remaining counts, all to run concurrently. Additionally, $500,000 in fines was assessed against him. We have examined the two issues which the defendant raises on appeal. We find merit in and discuss only one.
The record reveals that immediately after the jury was sworn, the defendant pled nolo contendere to the possession charge. The prosecutor provided the factual basis by summarizing the drug transaction and indicating that a large amount of cocaine was involved. The trial court did not formally accept the plea or make any adjudication at that time. Rather, the trial court, with counsels’ acquiescence, instructed the jury not to consider count four which charged possession.
After tendering his nolo plea, the defendant unsuccessfully argued, as he does now on appeal, that the trafficking and delivery counts had to be dismissed based on the double jeopardy protections of the federal and state constitutions as interpreted in Chikitus v. Shands, 373 So.2d 904 (Fla.1979). We find Chikitus inapplicable and disagree with the defendant’s reasoning and the result he advocates. Nevertheless, his convictions and sentences for the delivery and possession charges cannot stand under Carawan v. State, 515 So.2d 161 (Fla.1987).
The defendant relies on Chikitus, where a reckless driving conviction and sentence, predicated on a nolo contendere plea, was held to preclude a subsequent prosecution for the greater offense of vehicular homicide. We think the defendant’s emphasis on Chikitus is misplaced for two reasons. First, in that case, it was the written judgment, not the actual plea which precluded subsequent prosecution. Here, the trial court waited until the conclusion of the trial before rendering judgment on the possession count as well as the other counts. Second, in Chikitus, the defendant was subjected to two separate consecutive trials. Here, the trial on the trafficking and *119 delivery counts was not a subsequent prosecution. The defendant was merely subjected to one prosecution with multiple counts.
While we think the prosecutions for trafficking and delivery were not barred, Cara-wan mandates reversal of the delivery and possession convictions in the face of the trafficking conviction since all three counts arose from the same act. Fuentes v. State, 533 So.2d 311 (Fla. 2d DCA 1988); Campbell v. State, 517 So.2d 696 (Fla. 2d DCA 1987).
Accordingly, we affirm the defendant’s convictions for conspiracy to traffic, trafficking, and carrying a concealed weapon. We vacate the defendant’s convictions and sentences for the possession and delivery counts. We remand for resentencing.
DANAHY and THREADGILL, JJ., concur.