605 So.2d 568 (1992)
Lisa COLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1027.
District Court of Appeal of Florida, Fifth District.
September 25, 1992.
James B. Gibson, Public Defender, and Paolo G. Annino, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Rebecca R. Wall, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Collins appeals from her judgment and sentence for DUI/manslaughter,[1] DUI with serious bodily injuries,[2] driving with a suspended license,[3] and reckless driving.[4] Collins was adjudicated guilty at trial of the first three crimes but not the last, because the judge thought double jeopardy applied. However, the judgment and sentence forms include the reckless driving count. The judgment also lists the DUI with serious injuries as a second degree felony, whereas it is a third degree felony.[5] Aside from those two errors, we affirm.
These criminal charges grew out of an accident which occurred when Collins drove her vehicle through a red light at high speed and hit a truck and a car in the intersection. The driver of the car (Notholt) was killed and the passenger seriously injured. Collins argues on appeal that the trial judge should have prevented four eyewitnesses to the accident from testifying they thought Collins caused the accident. Although admission of this testimony appears erroneous, there was overwhelming evidence to support the jury's conclusion that Collins caused the accident. We therefore view the error as harmless. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
We think the trial court properly declined to adjudicate Collins on the reckless driving count. In the amended information, Lisa was charged with DUI/Manslaughter resulting in the death of Barbara Notholt and with the vehicular homicide resulting in the death of Barbara Notholt. *569 Even though they are separate crimes, the courts have held that a person cannot be convicted of DUI/Manslaughter and vehicular homicide for the same death. Houser v. State, 474 So.2d 1193 (Fla. 1985); Stancato v. State, 526 So.2d 723 (Fla. 3d DCA 1988); Vela v. State, 450 So.2d 305 (Fla. 5th DCA 1984). This court has concluded that the rule that there is only one homicide conviction for a single death survives the statutory amendment to section 775.021(4). Logan v. State, 592 So.2d 295 (Fla. 5th DCA 1991), cause dismissed, 599 So.2d 656 (Fla. 1992). Accord Kurtz v. State, 564 So.2d 519 (Fla. 2d DCA 1990) (question certified). Contra Murphy v. State, 578 So.2d 410 (Fla. 4th DCA 1991) (question certified).
Thus it appears Collins could not be convicted of both DUI/Manslaughter and vehicular homicide for the death of Ms. Notholt. Both charges, however, were submitted to the jury. The jury found Collins guilty of DUI/Manslaughter. It did not find Collins guilty of vehicular homicide but instead found her guilty of reckless driving.
Reckless driving is a necessarily included offense of vehicular homicide. State v. Barritt, 531 So.2d 338 (Fla. 1988); Chikitus v. Shands, 373 So.2d 904 (Fla. 1979); Rushton v. State, 395 So.2d 610 (Fla. 5th DCA 1981). Vehicular homicide is the killing of a human being by the operation of a motor vehicle by another in a reckless manner likely to cause the death of or great bodily harm to another. § 782.071(1), Fla. Stat. (1989). Reckless driving is driving any vehicle with a willful or wanton disregard for the safety of persons or property. § 316.192(1), Fla. Stat. (1989).
In contrast, DUI/Manslaughter requires proof only of simple negligence while operating an automobile under the influence of alcohol. Magaw v. State, 537 So.2d 564 (Fla. 1989). Reckless operation of the vehicle is not a required element of the crime of DUI/Manslaughter. Murphy v. State, 578 So.2d at 411. But, since the jury found Collins guilty of DUI/Manslaughter, a guilty verdict for vehicular homicide (or its lesser includeds) would have to be set aside under the one death/one conviction rule.[6]
Accordingly, we affirm the convictions and sentences on the first three counts. However, we vacate the judgment and sentence for reckless driving. We also note on remand the judgment form which improperly states that the second count (DUI with serious injuries) is a second degree felony, should be corrected.
AFFIRM in part; REVERSE in part; REMAND.
GOSHORN, C.J., and HARRIS, J., concur.
NOTES
[1] § 316.193(3)(a), (b), (c)3, Fla. Stat. (1989).
[2] § 316.193(3)(a), (b), (c)2, Fla. Stat. (1989).
[3] § 322.34(3), Fla. Stat. (1989).
[4] § 316.192, Fla. Stat. (1989).
[5] § 316.193(3)(a), (b), (c)2, Fla. Stat. (1989).
[6] DUI/Manslaughter is a felony of the second degree, § 316.193(3)(a), (b), (c)3. Vehicular homicide is a felony of the third degree, § 782.071(1). Reckless driving is a misdemeanor, § 316.192. Since DUI/Manslaughter is the highest degree crime, it would stand and the others would be set aside.