W. SHARP, Judge.
The state appeals from the trial court’s order granting Perez’ motions for arrest of judgment and judgment of acquittal, after a jury convicted him of one count of vehicular homicide[1] and acquitted him of a second count which had charged him with reckless driving.[2] The trial court ruled that the two verdicts were “true inconsistent verdicts,” and that by finding Perez not guilty of reckless driving, a necessary element of vehicular homicide, the vehicular homicide conviction had not been proven. We disagree and reverse.
The evidence at trial was sufficient to sustain the jury’s verdict that Perez was guilty of vehicular homicide. Perez and his friend, Lorentino Ferrera, were en route to their home from Disney World, where they worked in construction, when the fatal accident occurred which resulted in Ferrera’s death. Perez was driving a Datsun north on State Road 535, a curving and occasionally hilly two-lane road. Both Perez and Ferrera were well acquainted with the road and route of travel.
Perez came up behind a “string” of cars (three or four), which were close together and had slowed as they negotiated a curve. Perez decided to pass them because they were traveling more slowly than he. He pulled out to pass and accelerated to 50 miles per hour. It was a short passing zone because ahead there was a hill.
Perez passed the first car before entering the no-passing zone. Despite the no-passing zone sign, when Perez saw no cars in the south-bound lane, he decided to continue to pass the other cars in the north-bound lane. He accelerated to 60 miles per hour, which was in excess of the speed limit.
After passing the second or third car, Perez saw a van (a 1995 Plymouth Voyager) come over the hill in the south-bound lane. He made a decision to try to pass the lead car in the string of north-bound cars, rather than slow and try to get back into his lane of travel. The investigating officer testified Perez drove north in the south-bound lane, to the point of collision, almost ten seconds after seeing the van.
Perez testified that the lead car in the string also began to accelerate and would not let him pass. Although he tried, he was unable to pull back into the north-bound lane because the cars were too close together. According to the skid marks left by his vehicle, he pulled left off of the road onto the ' grassy shoulder and began braking at the last minute to avoid the van.
The driver of the van, Richard Chaffinich, testified he saw Perez’ vehicle coming toward him in the south-bound lane. Perez was not slowing down. He realized Perez was not going to be able to pass the lead car and return to the north-bound lane. He took his foot off his accelerator to slow the van, but did not brake. At the last moment, he pulled the van to the right, braked, and angled onto the grassy shoulder where the two vehicles collided head-on. At the time of the collision, he estimated his speed was 15 miles per hour.
Perez’ vehicle knocked the van backwards some ten feet and turned it over. Mrs. Chaffinich, who was a passenger in the van, was severely injured. Ferrera, who did not have his seat belt fastened, suffered a fatal injury and died almost instantly. The collision occurred 860 feet beyond the commencement of the no-passing zone.
At the jury instruction conference, the trial judge asked the defense if it wanted reckless driving to be given as a lesser included offense to the vehicular homicide charge in Count I. Defense counsel replied that had not occurred to him, but he thought “we would be asking for reckless as a lesser.” The prosecutor said: “Judge, it is listed in Count II.”
Defense counsel asked to speak to his client. He then reported to the judge that Perez did not want the lesser included offense instruction to be given in connection with Count I. The judge replied, “That makes sense. Okay. So we do vehicular *914 homicide, not guilty on Count I, reckless and not guilty on Count II.”
The judge then instructed the jury pursuant to that conversation. Neither attorney objected. The relevant instructions given were:
Now, before you can find the defendant guilty of vehicular homicide, the state must prove his failure to use — must prove more than a failure to use ordinary care, and must prove the following three elements beyond a reasonable doubt:
The first is that Lorentino L. Ferrera is dead; two, that the death was caused by the operation of a motor vehicle by Alberto Perez; and three, Alberto Perez operated the vehicle in a reckless manner likely to cause the death of or great bodily harm to another person.
An intent by the Defendant to harm or injure the victim or any other person is not an element to be proven by the state. The second count charges reckless driving. And before you find the defendant guilty of reckless driving, the state has to prove that Alberto Perez drove a vehicle in Florida and, two, he did so with willful or wanton disregard for the safety of persons or property.
Willfully means intentional, knowingly and purposely.
Wanton means with a conscious and intentional indifference to the consequences and with knowledge that danger is likely to be done to persons or property....
Now, you take your verdict as to count I, you consider all the evidence, all the documents, whatever, and you make a decision on this. We, the jury, find the defendant guilty as charged. We, the jury find the defendant not guilty. Whatever your decision is, you make the mark on your jury form and you have the foreperson sign that and place that facedown on the table.
And without regard to what you did in that one, when that one is finished, laid aside, now you look at all the evidence you heard as it relates to the evidence as to Count II. Without regard as to what you did in Count I, make your decision in Count II.
Before returning with a verdict, the jury sent a question to the court. In open court, the judge read the question and gave his reply.
Okay, the question is on Count II. Can we find the defendant guilty of a lesser included charge and what are the definitions of those charges? And the response we have agreed, counsel, that I will just write the answer down and send it back to them. And the response is: there are no lesser included charges of reckless driving.
Shortly thereafter the jury returned a verdict of guilty to vehicular homicide and not guilty to reckless driving.
In granting a judgment of acquittal in this case, the trial judge relied on Chikitus v. Shands, 373 So.2d 904 (Fla.1979). In that case, the Florida Supreme Court held that the prosecution of the defendant for vehicular homicide was barred by double jeopardy[3] because the defendant had been convicted of reckless driving in a case arising out of the same facts. The state argued that the defendant’s driving had been a continuous offense, a course of reckless conduct that ultimately led to a death.
The court in Chikitus said that it was possible that a reckless driving charge might rest on conduct different from that which resulted in the death. But it concluded that the argument was not supported in that case by the charging documents.
The complaint charging reckless driving and the information charging vehicular homieide both alleged the accident as the ultimate fact supporting the respective charges. In view of this, we cannot say that' the charge of vehicular homicide is based on different facts than the charge of reckless driving so as to prevent the application of double jeopardy. A different situation might be presented and double jeopardy may not apply if the reckless driving complaint had been based upon ultimate facts different from the accident that caused the deaths.
373 So .2d at 905.
Chikitus thus directs us to look at the information in this case before resolving a *915 double jeopardy question. The amended information charged Perez in Count I with having operated a motor vehicle on November 22, 1996 in a reckless manner likely to cause the death of, or great bodily harm to another, thereby causing the death of Loren-tino L. Ferrera. Count II also charged that on November 22, 1996, Perez drove a vehicle in a willful or wanton disregard for the safety of persons or property, to wit: other motor vehicles on the roadway. One count relates to the fatal accident, the other to imperiling the other vehicles on the road.
It is not clear from the information whether the same act of reckless driving was involved in both counts, although since a death was involved in one and danger to vehicles and property was involved in the second, there existed the possibility that different acts were going to be presented. Significantly, the defense in this case did not request a bill of particulars to clarify the matter, and in fact both the defense and the trial judge thought two separate crimes had been charged throughout the trial. Otherwise there would have been no need to discuss a lesser included reckless driving charge in Count I. Thus, the jury was charged accordingly.
In addition, it appears from the record in this case that Perez made and acted on at least four poor decisions regarding his driving the Datsun on State Road 536. First, he decided to pass more than one car in a short passing zone, with which he was familiar. Second, he exceed the speed limit in his effort to pass all of the cars. Third, when he was not successful in passing all of them, he chose to accelerate further and continue substantially into the no-passing zone. And fourth, when he saw the van approaching in the south-bound lane, he chose to continue to try to pass the lead ear rather than braking, flashing his lights, sounding his horn, or getting back into the north-bound land. When that did not work, he took the only evasive action he thought was left to him, pulling to the left and off the road. That would appear to satisfy the exception to double jeopardy mentioned in Chikitus.
However, this is not a double jeopardy case. More pertinent are the Florida cases dealing with inconsistent verdicts, which are permissible,[4] and truly inconsistent verdicts, which are not.[5] This line of cases began with Mahaun v. State, 377 So.2d 1158 (Fla.1979), which held that one defendant could not be convicted of both a felony-murder and the underlying felony which was an essential element of the felony murder, and the other defendant could not be convicted of the felony murder when the jury returned a verdict of guilt to a misdemeanor, not the felony charged. In fact, the only cases which reverse a conviction on the ground it is inconsistent with another not-guilty verdict returned by the same jury, deal with refusals of the jury to convict on a felony, which is the essential element of another count being tried. See Redondo v. State, 403 So.2d 954 (Fla.1981).
Justice Ehrlich described this situation as one in which the charges are “interlocking.”[6] Justice Kogan elaborated further in State v. Powell, 674 So.2d 731 (Fla.1996) that reversal is only necessary in the case of a single defendant, against whom verdicts on different counts, which are legally interlocking and truly inconsistent. In Powell, Justice Kogan noted:
As Justice Anstead explained when writing for the Fourth District Court of Appeal in Gonzalez, true inconsistent verdicts are ‘those in which an acquittal on one count negates a necessary element for conviction on another count.’
Powell, 674 So.2d at 733, citing Gonzalez v. State, 440 So.2d 514, 515 (Fla. 4th DCA 1983).
Although reckless driving (more than mere negligence) is a necessary element of vehicular homicide,[7] that does not mean the jury in this case rejected the reckless *916 driving element in Count I as well as Count II. A defendant can be convicted of more than one crime committed during a “criminal episode.” See Simon v. State, 615 So.2d 236 (Fla. 3d DCA 1993) (a defendant can be sentenced separately for criminal offenses arising in the course of one criminal transaction or episode — here six false imprisonments of six different victims); Damon v. State, 397 So.2d 1224 (Fla. 3d DCA 1981) (defendant could be convicted of third degree murder and burglary). As discussed above, the evidence in this case showed Perez committed more than one act which could be termed reckless and wanton driving. This case is distinguishable from Hardy v. State, 705 So.2d 979 (Fla. 4th DCA 1998), where the court held a defendant could not be convicted for multiple charges of leaving the scene of an accident with injuries and with fatalities, because the essence of the crime was one accident and one leaving or failure to stop.
Thus we conclude that although logically inconsistent in some regards, this case does not involve a legally inconsistent verdict, and therefore the jury’s verdict on Count I should stand. It is similar to Fayson v. State, 698 So.2d 825 (Fla.1997) where a defendant argued the jury’s not guilty verdict on aggravated burglary (which was based on a battery), and its finding of guilt on burglary (the lesser included offense charged) negated or was inconsistent with a finding of guilt on the aggravated battery count since battery is a necessary element of aggravated battery. The court reviewed the evidence in the case to determine if there were a reasonable explanation for the verdicts. Justice Overton concluded that the jury could have:
“[Fjactually distinguished the charges in this case by concluding that when Fayson first entered the premises he had only committed a burglary and at that time he had no intent to commit battery. As the facts of this case unfolded, the jury could have logically concluded that the aggravated battery came after and separate from the burglary.
Fayson, 698 So.2d at 827.
In this case, the jury could have concluded that Perez’ decision to speed and pass the cars in a no-passing zone was not reckless, but his final decision to try to pass the last car after seeing the approaching van, was. See also McGee v. State, 687 So.2d 22 (Fla. 5th DCA 1996) (finding of guilt on resisting arrest without violence not inconsistent with finding of guilt on aggravated assault, since defendant committed a number of criminal acts in a short time period, and the jury could have reasoned defendant’s act of resistance occurred before or after the shooting).
In Naumowicz v. State, 562 So.2d 710 (Fla. 1st DCA 1990), the court struggled with an inconsistent verdict it upheld. In that case, a defendant was charged with DUI/manslaughter for having caused two deaths in a fatal traffic accident. The jury convicted the defendant of one count, which pertained to her front seat passenger who died in the accident. But it acquitted her of DUI/manslaughter of the driver of the other car who was also killed in the accident. The court noted that, as in this case, the jury was instructed it could return separate verdicts on both counts: “a finding of guilty or not guilty as to one crime must not affect your verdict as to the other crimes charged.” The defense argued in that case that the not guilty verdict as to the other driver negated the causal element necessary for the defendant’s guilt of manslaughter regarding the death of the passenger. Judge Joanos admitted the verdicts were inconsistent but held they were not “fatally” inconsistent.
A verdict on one count is not flawed by being inconsistent with a verdict on another count.In fact, the jury’s right to return inconsistent verdicts is embodied in Standard Jury Instruction- 2.08(a) which was given in this case. This is part of the jury’s inherent pardon power, included in its power of lenity.
Quoting from Damon at 1228, n. 10, the court said:
If the jury decides upon a partial ‘pardon’ and returns a verdict of guilty on one count and not guilty on another, it is certainly unwise to have a procedure which requires the judge to enter verdicts of acquittal on both counts if the verdict is found to be inconsistent.
After reviewing the evidence in a manner most favorable to the state for upholding the *917 verdict, the court concluded that this was not a situation in which the jury found the other driver was the sole cause of the accident, but it was an exercise of its power to pardon the defendant with regard to that death.
If we are dealing with an inconsistent verdict in this case, as in NaumcmAcz, then we also conclude, as did that court, that the doctrine of lenity or jury pardon should apply. There was abundant evidence to support the conviction of vehicular homicide, as discussed above. Had the jury been instructed that reckless driving was a lesser included offense of vehicular homicide, as perhaps it should have been, the result would have been the same — guilty of the greater charge. In this case it appears that jury may have analyzed the problem of over-lapping charges better than the defense, prosecution and judge. It dealt with it by finding Perez not guilty of the related lesser charge, which may have sought to punish him twice for essentially the same series of acts. However, since Perez received the benefit of the jury’s action, it should not be a ground for setting aside the jury’s finding of guilt on vehicular homicide. See Gonzalez v. State, 440 So.2d 514 (Fla. 4 th DCA1983).
REVERSED and REMANDED.
GOSHORN, J., concurs.
COBB, J., concurs specially with opinion.

. § 782.071, Fla. Stat.

. § 316.192, Fla. Stat.

. U.S. Const., 5th Amend; Art. 1, § 9, Fla. Const.

. State v. Powell, 674 So.2d 731 (Fla. 1996); Eaton v. State, 438 So.2d 822 (Fla. 1983); Fayson v. State, 698 So.2d 825 (Fla. 1997).

. Redondo v. State, 403 So.2d 954 (Fla.1981).

. Eaton v. State, 438 So.2d 822, 823 (Fla.1983).

. See State v. Barritt, 531 So.2d 338 (Fla. 1988); State v. Esposito, 642 So.2d 25 (Fla. 4th DCA 1994).