HARRIS, J.
Ynocenscio was charged with vehicular homicide when he attempted to pass another vehicle in the fog and collided with a speeding motorcycle, killing the motorcyclist. The court dismissed the charges finding that there was no evidence that Ynocenscio had criminal intent. The trial court also seems to have found, based on conflicting evidence, that defendant’s actions were at most negligent and, therefore, insufficient to justify the charge. We disagree and reverse for trial.
Ynocenscio was following another vehicle on a two-lane highway when he decided to pass. Although the area at which he attempted to pass was normally a passing zone, the normal visibility was considerably reduced by the fog. His speed in passing the other vehicle was only slightly greater than the vehicle being passed. When Ynocenscio’s vehicle was about half way up the side of the vehicle being passed, the motorcyclist came out of the fog and a head-on collision occurred. The driver of the vehicle being passed stated that the visibility was such that the passing should not have been attempted.
There is no requirement that the defendant intend to harm another by his reckless driving. See State v. Perez, 718 So.2d 912 (Fla. 5th DCA 1998) (setting out standard jury instructions on vehicular homicide). It is sufficient that he intend to drive as he did. Here, there is no question that Ynocenscio intended to pass a vehicle in the fog. This action was more than mere negligence. Passing in a fog[1] which restricts visibility, even in an area normally safe for passing, is as reckless as passing on a curve without being able to see around the bend or passing upon approaching a hill without being able to see above the crest. Such a driver is gambling *615 on an empty highway with potential death as the stakes. The fact that defendant was not speeding, was driving on a straight section of the highway, and in a vehicle which was mechanically sound does not lessen the recklessness of his action.
Ynocenscio is not relieved of liability because the motorcyclist’s speeding contributed to the accident. The fact that a vehicle may be coming around the bend or over the hill or out of the fog and may be speeding is foreseeable. See M.C.J. v. State, 444 So.2d 1001 (Fla. 1st DCA 1984), rev. denied, 451 So.2d 849 (Fla.1984).
REVERSED and REMANDED.
SAWAYA, J., concurs.
GRIFFIN, J., dissents, without opinion.

. The denseness of the fog was a disputed issue of fact to be resolved by the jury, not the judge.