PALMER, C.J.,
dissenting.
I cannot concur in the majority opinion for two reasons. First, the opinion accepts as fact testimony which the jury may have rejected in deciding the case. Second, the opinion fails to address a controlling case issued by this court which reaches a result contrary to the result reached by the majority opinion. As such, I respectfully dissent.
Although the majority opinion properly acknowledges that, in moving for the entry of a judgment of acquittal, the defendant admits both the facts stated in the evidence and every reasonable conclusion favorable to the State that a jury might fairly infer from the evidence, it then proceeds to accept as fact evidence which the jury may very well have rejected. Specifically, the majority takes as fact that the defendant’s “panic stricken passenger screamed at him to move because they thought the truck still might hit them.” *627 We have no way of discerning whether the jury believed such testimony and thus this court should not overrule the jury’s verdict based upon the assumption that the jury accepted that testimony as being true.
Of equal concern is that the majority opinion fails to address binding precedent from this court. In State v. Ynocenscio, 773 So.2d 613 (Fla. 5th DCA 2000), this court reversed the trial court’s dismissal of a vehicular homicide charge which alleged that the defendant, while passing another vehicle in the fog, collided with a motorcyclist and killed him. This court explained:
It is sufficient that he intend [sic] to drive as he did. Here, there is no question that Ynocenscio intended to pass a vehicle in the fog. This action was more than mere negligence. Passing in a fog which restricts visibility, even in an area normally safe for passing, is as reckless as passing on a curve without being able to see around the bend or passing upon approaching a hill without being able to see above the crest. Such a driver is gambling on an empty highway with potential death as the stakes. The fact that the defendant was not speeding, was driving on a straight section of the highway, and in a vehicle which was mechanically sound, does not lessen the recklessness of his action.
Id. at 614-615. Berube’s alleged conduct was at least as reckless as the conduct alleged in Ynocenscio. Thus, absent an en banc decision from this court receding from Ynocenscio, this panel is bound by the law expressed therein.
In that regard, there is no doubt that Berube intended to drive as he did. After coming to a dead stop in a through lane of a road with a 50 mile per horn- speed limit, and after the truck behind him came to a complete stop, Berube drove his vehicle across three lanes of oncoming traffic without first making sure that the lanes were clear. On these facts, the trial court properly denied Berube’s motion for entry of a judgment of acquittal, concluding that it was for the jury to determine whether Berube’s conduct was willful, wanton, or made with reckless disregard. As the trial court properly noted, it was reasonably foreseeable under these circumstances that death or great bodily harm would result when Berube drove across multiple lanes of traffic when he did not have the right of way and did not check to determine if the lanes were clear of traffic.
I would affirm.