LaROSE, Judge.
 

 The State appeals a judgment and sentence entered after Devonta Merriex pleaded guilty to third-degree felony murder. The State raises two issues; one merits discussion.
 

 In July 2008, undercover officers arranged to buy cocaine from Rashane Barber. Mr. Merriex drove Mr. Barber to a predetermined location. After completing the drug transaction, law enforcement officers attempted to make an arrest. Mr. Merriex drove away at high speed. He ran a red light and crashed into another vehicle, killing Nachenga Robinson and injuring Carolyn Johnson, Eric Robinson, and Obadiah Robinson. In January 2009, Mr. Merriex pleaded guilty in circuit court case number 08-14984 to leaving the scene of a crash involving the death of Nachenga Robinson, third-degree felony murder of Nachenga Robinson, and three counts of reckless driving with bodily injury to Carolyn Johnson, Eric Robinson, and Obadiah Robinson.
 
 See
 
 §§ 316.027, 782.04, 316.192, Fla. Stat. (2008). The trial court sentenced him to twenty-four years in prison.
 

 A few weeks later, Carolyn Johnson died from her injuries. The State then charged Mr. Merriex with vehicular homicide and third-degree felony murder in circuit court case number 09-19457.
 
 See
 
 §§ 782.071, 782.04. Mr. Merriex moved to dismiss the vehicular homicide charge. The trial court granted the motion. Relying on
 
 Chikitus v. Shands,
 
 373 So.2d 904 (Fla.1979), the trial court concluded that double jeopardy barred the vehicular homicide charge because Mr. Merriex had already been convicted of the lesser included offense of reckless driving with serious bodily injury for the same underlying act. Mr. Merriex pleaded guilty to the third-degree felony murder charge. The trial court sentenced him to 124.65 months in prison. On appeal, the State challenges the dismissal of the vehicular homicide charge, arguing that
 
 Chikitus
 
 does not apply.
 
 [1]
 

 
 *936
 
 Mootness dooms the State’s argument. Mr. Merriex’s conviction of third-degree felony murder bars a vehicular homicide conviction for the same death. “[0]nly one homicide conviction and sentence may be imposed for a single death.”
 
 Houser v. State,
 
 474 So.2d 1193, 1196 (Fla.1985);
 
 Rodriguez v. State,
 
 875 So.2d 642, 645-46 (Fla. 2d DCA 2004);
 
 Collins v. State,
 
 605 So.2d 568, 569 (Fla. 5th DCA 1992) (“one death/one conviction rule”). Even if the trial court had considered alternative charges or theories for the single death of Ms. Johnson, a conviction for the highest-degree crime would stand and the lesser crime would be set aside.
 
 See Collins,
 
 605 So.2d at 569. Because both offenses are second-degree felonies subject to the same sentence, Mr. Merriex’s conviction of felony murder rather than vehicular homicide has not prejudiced the State. We affirm on this issue.
 

 We also affirm, without further discussion, the downward departure sentence imposed in circuit court case number 09-19457.
 

 Affirmed.
 

 NORTHCUTT and KHOUZAM, JJ., Concur.
 

 [1]
 

 . In
 
 Chikitus,
 
 the supreme court held that "reckless driving is a lesser included offense of vehicular homicide and that double jeopardy applies to bar a subsequent prosecution for vehicular homicide when a defendant previously has been convicted of the charge of reckless driving arising from the same facts.” 373 So.2d at 905. The State attempts to
 
 *936
 
 distinguish
 
 Chikitus
 
 based on its assumption that the victims died before Chikitus’s reckless driving conviction. Thus, according to the State, it could properly prosecute Mr. Merriex for vehicular homicide under the "necessary facts” exception to the double jeopardy rule.
 
 See Brown v. Ohio,
 
 432 U.S. 161, 169 n. 7, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (stating that a double jeopardy exception "may exist where the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not [yet] occurred....").
 
 Chikitus
 
 is unclear as to whether the victims died before or after the reckless driving conviction.
 
 See Chikitus,
 
 373 So.2d at 905. However, in
 
 State v. Barritt,
 
 531 So.2d 338, 338-39 (Fla.1988), the supreme court noted, “In
 
 Chikitus,
 
 the defendant was convicted of reckless driving after causing an accident in which two people were injured. Subsequent to his convictions, the two accident victims died and the state attempted to charge Chikitus with vehicular homicide.”