DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**OBRIAN OAKLEY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-4359

[February 7, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. 12011456CF10A.

Jason B. Blank of Haber Blank, LLP, Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

After a series of burglaries, a high-speed chase, and a fatal car accident killing two bicyclists, Appellant Obrian Oakley was charged with two counts of first degree felony murder; two counts of vehicular homicide/failure to render aid; and five counts of burglary of a conveyance. Appellant was found guilty on all charges. On appeal, Appellant argues that the trial court abused its discretion by admitting certain photographic evidence. He also contends that it was error to sentence him on all four homicide counts when there were two, not four, deaths. As to Appellant's first point, we disagree and find no abuse of the trial court's discretion. We agree with Appellant's second point and write to address only this issue. Because we reverse the lesser vehicular homicide convictions, we need not address Appellant's remaining arguments challenging his vehicular homicide convictions.

## Background

Appellant and his accomplice burglarized several unlocked vehicles within a neighborhood. Their scheme had the accomplice looking for

unlocked cars and removing any valuables inside, while Appellant waited in a silver Infiniti, watching the accomplice go from car to car, occasionally returning with stolen items. A neighborhood resident pulled into his cul-de-sac and saw a silver Infiniti slowly pass by him. The resident saw the accomplice walk toward a parked car in the resident's driveway, enter it, and sort through the items within. The resident called the police, who arrived and arrested the accomplice.

During the arrest, the resident saw the silver Infiniti that he had earlier noticed drive away from the cul-de-sac and pointed out the car to the police officers. The police gave chase to the silver Infiniti being driven by Appellant. At the same time, four friends were riding their road bicycles, as they did every Sunday morning. As the high-speed chase entered an intersection, Appellant struck two of the bicyclists, killing them instantly. A K-9 officer responded to the crash to track Appellant, who was not found in the car, but was found nearby a few hours later and arrested.

**Analysis**

For the deaths of the two bicyclists, Appellant was charged and convicted of two counts of first-degree felony murder, as well as two counts of vehicular homicide/failure to render aid. Appellant argues on appeal that Florida law prevents two homicide convictions arising from one death and therefore, it was error to sentence him on all four homicide counts when there were two, not four, deaths. Because the issue requires only a legal determination based on undisputed facts, our standard of review is de novo. *See Trotter v. State*, 825 So. 2d 362, 365 (Fla. 2002).

In *Houser v. State*, 474 So. 2d 1193 (Fla. 1985), the Florida Supreme Court examined the certified question of whether a defendant may be sentenced for both DWI manslaughter and vehicular homicide for a single death. *Id.* at 1194. The Supreme Court answered in the negative, and found that even though they were *Blockburger*[1] separate offenses, the legislature did not intend to punish a single homicide under two separate statutes. *Id.* at 1196-97. The Court held that "only one homicide conviction and sentence may be imposed for a single death." *Id.* at 1196.

Florida courts have consistently applied the *Houser* rule in cases involving more than one homicide conviction for a single death in the absence of legislative language to the contrary. *See Goodman v. State*, 229

---

[1] *Blockburger v. United States*, 284 U.S. 299 (1932). The *Blockburger* test is codified in section 775.021, Florida Statutes (2012), to determine whether separate offenses exist.

So. 3d 366, 382 (Fla. 4th DCA 2017) ("A conviction for DUI manslaughter and for vehicular homicide involving a single victim violates double jeopardy."); *Wilkes v. State*, 123 So. 3d 632, 635 (Fla. 4th DCA 2013) (holding the *Houser* rule "also extends to convictions for attempted murder and attempted felony murder from the same attempted killing"); *State v. Merriex*, 42 So. 3d 934, 936 (Fla. 2d DCA 2010) ("[The defendant's] conviction of third-degree felony murder bars a vehicular homicide conviction for the same death."); *Rodriguez v. State*, 875 So. 2d 642, 645 (Fla. 2d DCA 2004) ("For the one death he caused, [the defendant] received sentences for both DUI manslaughter and third-degree murder. These two sentences for homicide counts cannot stand . . . ."); *Collins v. State*, 605 So. 2d 568, 569 (Fla. 5th DCA 1992) ("Even though they are separate crimes, the courts have held that a person cannot be convicted of DUI/Manslaughter and vehicular homicide for the same death."); *Jones v. State*, 502 So. 2d 1375, 1377 (Fla. 4th DCA 1987) (agreeing that the defendant "may not be convicted of both third degree murder and manslaughter for the same death").

The State cites to *Valdes v. State*, 3 So. 3d 1067 (Fla. 2009), to argue that the two crimes at issue are substantially different and as such, the protections against double jeopardy are not violated. In *Valdes*, the defendant fired a gun multiple times and was charged with multiple counts for the firing of that weapon, none of which resulted in death. *Id.* at 1077. The Florida Supreme Court found that the Double Jeopardy Clause was not violated because the defendant's conviction for discharging a firearm from a vehicle within one thousand feet of a person and his conviction for shooting into an occupied vehicle were not varying degrees of the same crime, nor was one an aggravated form of the other, no matter that both crimes arose from the same factual situation. *Id.* Here, however, the convictions of murder and vehicular homicide are varying degrees of the same crime. Moreover, cases involving homicide are distinguishable from *Valdes* because the Legislature never intended to allow for multiple homicide convictions arising from one death. *See Ivey v. State*, 47 So. 3d 908, 911 (Fla. 3d DCA 2010) ("*Valdes* did not overrule the well-settled principle that a single death cannot give rise to dual homicide convictions."); *see also Jones*, 502 So. 2d at 1377 ("There is no need in this case to engage in an extensive discussion of double jeopardy and the applicability of the test in *Blockburger* . . . because in Florida the legislature did not intend to punish the one death by multiple convictions under different statutes.").

In this case it is uncontested that the two victims were killed by Appellant's actions and that for each death, Appellant was convicted of one count of first degree felony murder and one count of vehicular

homicide. The *Houser* rule—"only one homicide conviction and sentence may be imposed for a single death"—instructs that Appellant's dual homicide charges for a single victim was in error.

## Conclusion

To correct the error, courts reverse the lesser offense conviction and affirm the greater. *See Pizzo v. State*, 945 So. 2d 1203, 1206 (Fla. 2006) (citing *State v. Barton*, 523 So. 2d 152, 153 (Fla. 1988)). We therefore reverse Appellant's convictions and sentences for both vehicular homicide/failure to render aid charges and affirm each first degree felony murder conviction and sentence, per the *Houser* rule.

*Affirmed in part, Reversed in part.*

TAYLOR and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4