HARRIS, J.
This is another case which raises an issue under section 775.021(4)(b), Florida Statutes. Specifically, the issue is what constitutes “a lesser offense the statutory elements of which are subsumed by the greater .offense.” Defendant herein was charged with first degree felony murder with the predicate felony being “aggravat *596 ed” child abuse. He was charged separately with aggravated child abuse and aggravated manslaughter of a child. Had he been convicted of first degree felony murder, then appellant concedes that under Florida’s interpretation of section 775.021(4) in Boler v. State, 678 So.2d 319 (Fla.1996), a conviction also for the predicated felony, aggravated child abuse, would be appropriate. But the jury, obviously finding only “simple” child abuse and not aggravated child abuse, returned a verdict of guilt of third degree felony murder. Still, under the Boler principle, appellant concedes, that convictions for both third degree felony murder and its predicate felony, child abuse, would be appropriate
However, this case is complicated by the fact that the court dismissed the third degree felony conviction upon the State’s motion because defendant was also convicted of aggravated manslaughter of a child, a more serious offense. Hence, Florida’s law on felony murder is not here involved.
Instead, we have a conviction for aggravated manslaughter of a child under section 782.07(3) (which incorporates for its definition section 827.03(3)) and also for simple child abuse (also defined under sfection 827.03(3)). Appellant urges that clearly child abuse must be subsumed in the manslaughter charge because the statute criminalizing child abuse was incorporated by reference into the manslaughter statute. We disagree.
The elements of aggravated manslaughter of a child' are (1) defendant caused the death of one under eighteen and (2) did so “by culpable negligence under s. 827.03(3).” Section 827.03 criminalizes the willful or culpably negligent “neglect” of a child which causes great bodily harm to a child, making it a second degree ’ felony. Such statute also criminalizes the willful or culpably negligent “neglect” of a child which does not cause great bodily harm, making it a third degree felony. Section 782.07(3), in effect, adds a third “culpably negligent” charge by criminalizing neglect which causes the death of the child, making it a first degree felony. Although section 782.07(3) incorporated section 827.03(3) in its definition, it does so only as said section relates to culpable negligence. Child abuse is not subsumed in a charge of aggravated manslaughter of a child. Further, child abuse and the manslaughter charge do not pass the same-elements test. Manslaughter requires the death of a child, but child abuse does not. Child abuse requires, by definition, an intentional act; the manslaughter charge, by its terms, requires culpable negligence and not intent. Indeed, a death occurring as a result of child abuse, aggravated or simple, would be either first or third degree felony murder and not aggravated manslaughter of a child.
We find that there is no Double Jeopardy involvement in this case.
Appellant also argues the court erred in giving the instruction to the jury that although this was a charge of first degree murder, the State was not seeking the death penalty. The court not only advised the jury that the State was not seeking the death penalty, but also advised it that in the event of a conviction “the sentencing will be solely at the discretion of the trial judge.” Not only should the charge not have been given, but it contained a misstatement of the law. Had the defendant been convicted of first degree felony murder, the court would have had no discretion but to sentence defendant to life in prison. But we find the error harmless. Defendant was not convicted of first degree felony murder and we find there is no possibility that the jury was influenced by the erroneous charge in reaching the conclusion that it did.
The State has stipulated that the judgment on the child abuse conviction is in error in that it reflects a conviction of aggravated child abuse. This error should be corrected on remand.
*597 AFFIRMED but remanded for the correction of the judgment.
PETERSON, J., concurs.
DAUKSCH, J., concurs with result only.