945 So.2d 1203 (2006)
James Frank PIZZO a/k/a James Pizzo, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. SC05-1951.
Supreme Court of Florida.
December 21, 2006.
*1204 Beverly A. Pohl of Broad and Cassel, Fort Lauderdale, FL, and Bruce Rogow of Bruce S. Rogow, P.A., Fort Lauderdale, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL, Robert J. Krauss, Bureau Chief Criminal Appeals, and Anne Sheer Weiner, Assistant Attorney General, Tampa, FL, for Respondent.
BELL, J.
James Pizzo seeks review of the decision of the Second District Court of Appeal in Pizzo v. State, 916 So.2d 828 (Fla. 2d DCA 2005), on the ground that it expressly and directly conflicts with the decision of the Fifth District Court of Appeal in Donovan v. State, 572 So.2d 522 (Fla. 5th DCA 1990).[1] The district courts are in conflict regarding the proper analysis to employ when determining which offense is the lesser offense in the double jeopardy context. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons stated below, we quash Pizzo, 916 So.2d 828, and approve Donovan, 572 So.2d 522.

FACTUAL AND PROCEDURAL BACKGROUND
The facts of this case were well summarized by the Second District:

*1205 Mr. Pizzo started East Coast Exteriors, Inc., in 1997 in Vero Beach. East Coast Exteriors sold windows, soffits, fascia, and siding through telemarketing followed by direct sales to homeowners. The only officer and director of the new company was Mr. Pizzo's mother, Edwina, but her role was strictly nominal. Mr. Pizzo was the owner of the company and the ultimate decision-maker. Mr. Pizzo's wife, Rozlyn, worked as the office manager. Mr. Pizzo's father, James, supervised East Coast Exterior's work crews.
Eventually, Mr. Pizzo opened another East Coast Exteriors office in Manatee County, and customer complaints led to the charges in this case. The State charged Mr. Pizzo; his wife, Rozlyn; his father, James; and his mother, Edwina, with mortgage fraud, grand theft, organized fraud, conspiracy to commit racketeering, and racketeering. The fraud charges were based on misrepresentations that the windows being sold were "Reynolds" windows when they were actually Caradon Better Bilt windows distributed by Reynolds Building Products; misrepresentations regarding East Coast Exteriors' history and capacity to do the work; and misrepresentations and omissions that resulted in liens and mortgages being recorded against customers' properties without their knowledge. The grand theft charges, which were only filed against Mr. Pizzo, were based on the fact that customers were sold the lesser-quality Caradon Better Bilt windows at a price they were quoted for "Reynolds" windows.
Pizzo, 916 So.2d at 830 (footnote omitted).
The jury found Pizzo guilty of one count of racketeering, five counts of mortgage fraud, one count of conspiracy to commit racketeering, six counts of grand theft, and one count of organized fraud. Id. at 830. The Second District affirmed the conviction for racketeering without comment.[2] It reversed Pizzo's convictions for mortgage fraud and conspiracy to commit racketeering, finding that the jury instructions for both were fundamentally erroneous. Id. Finally, the Second District reversed and remanded the convictions for six counts of grand theft and one count of organized fraud as a violation of double jeopardy but instructed the trial court to determine the lesser offense and acquit Pizzo of it. Id.
The Second District's Pizzo opinion included the following explanation of its decision to reverse and remand the convictions for both organized fraud and grand theft:
Ordinarily, we would reverse the lesser of the offenses and affirm the greater. See Cherry, 592 So.2d at 295; Donovan, 572 So.2d at 526. However, in this case there are six counts of grand theft, a third-degree felony, and one count of organized fraud, a first-degree felony. Therefore, we are unable to determine which is actually the "lesser" of the offenses. Accordingly, we reverse Mr. Pizzo's grand theft and organized fraud convictions and remand for the trial court [to] grant judgment of acquittal on the lesser of the offenses.
916 So.2d at 834. Pizzo sought review on the grounds that the Second District's opinion was in express and direct conflict with Donovan, 572 So.2d 522, which reversed grand theft convictions as lesser offenses of organized fraud based upon a comparison of the statutory elements of the two offenses.

*1206 DISCUSSION
Pizzo claims that his grand theft counts should be vacated as lesser offenses of organized fraud and that the Second District erred in remanding this determination to the trial court. It is undisputed that double jeopardy principles preclude convictions for both grand theft and organized fraud based upon the same conduct. What is in dispute is whether grand theft is the lesser offense and the method by which the lesser offense should be determined: that is, whether the elements of grand theft should be compared to the elements of organized fraud, Donovan, 572 So.2d 522, or whether the punishments for the two offenses should be compared, Pizzo, 916 So.2d 828.
Because this Court's precedent calls for a comparison of statutory elements when determining lesser offenses and because all of the elements of grand theft are subsumed within the elements of organized fraud, we approve of the Fifth District's approach in Donovan and find that the Second District should have reversed Pizzo's grand theft convictions and affirmed his organized fraud conviction. In reaching this conclusion, we begin with a brief discussion of double jeopardy principles. We then review this Court's authority regarding the proper method by which to determine lesser offenses for double jeopardy purposes. Finally, we compare the statutory elements of the respective offenses.
A double jeopardy claim based upon undisputed facts presents a pure question of law and is reviewed de novo. See, e.g., State v. Florida, 894 So.2d 941, 945 (Fla.2005). A defendant is placed in double jeopardy where based upon the same conduct the defendant is convicted of two offenses, each of which does not require proof of a different element. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); see § 775.021(4), Fla. Stat. (2006) (codifying the Blockburger elements test where the Legislature does not clearly provide for separate offenses). The Legislature has stated its intent to convict and sentence for each offense defined as separate under the Blockburger test, with three exceptions: offenses requiring identical elements of proof, offenses which are degrees of the same offense as provided by statute, and lesser offenses which have elements wholly subsumed by the greater offense. § 775.021(4)(b). When an appellate court determines that dual convictions are impermissible, the appellate court should reverse the lesser offense conviction and affirm the greater. See State v. Barton, 523 So.2d 152, 153 (Fla.1988) (stating that when "one of two convictions must fall, we hold that the conviction of the lesser crime should be set aside").
In distinguishing lesser offenses from greater offenses when faced with a double jeopardy violation, this Court has stated that based upon section 775.021(4), lesser offenses "are those in which the elements of the lesser offense are always subsumed within the greater, without regard to the charging document or evidence at trial." State v. Florida, 894 So.2d at 947 (citing State v. McCloud, 577 So.2d 939, 941 (Fla.1991) (holding that an offense is a lesser offense "for purposes of section 775.021(4) only if the greater offense . . . includes the lesser offense")). Further, section 775.021(4)(b)(3) itself states that lesser offenses are offenses "the statutory elements of which are subsumed by the greater offense." Therefore, the statutory elements of the lesser offense must be subsumed by the statutory elements of the greater offense in order for it to be considered the lesser offense in the double jeopardy context.
*1207 Thus, the resolution of this case turns on a comparison of the statutory elements of organized fraud and grand theft. Organized fraud includes the following elements:
(1) Engaging in or furthering a systematic, ongoing course of conduct (2) with (a) intent to defraud, or (b) intent to obtain property by false or fraudulent pretenses, representations, or promises, or willful misrepresentations of a future act, (3) resulting in temporarily or permanently depriving any person of the right to property or a benefit therefrom, or appropriating the property to one's own use or to the use of another person not entitled thereto.
Donovan, 572 So.2d at 526 (summarizing sections 817.034(4)(a), 817.034(3)(b), 817.034(3)(c), and 817.034(3)(d), Florida Statutes (1987)). By contrast, the elements of grand theft are
(1) knowingly (2) obtaining or using, or endeavoring to obtain or use, property of another (3) with intent to deprive the person of a right to the property or a benefit therefrom, or to appropriate the property to one's own use or to the use of any person not entitled thereto.
Id. (summarizing section 812.014, Florida Statutes (1987)). Although worded differently, all of the elements of grand theft are included in the offense of organized fraud. However, organized fraud contains an element that is not an element of grand theft, namely "a systematic, ongoing course of conduct with the intent to defraud or take property." Cherry v. State, 592 So.2d 292, 295 (Fla. 2d DCA 1991). Because organized fraud includes all of the elements of grand theft as well as an additional element, grand theft is a lesser offense of organized fraud. Therefore, the Second District should have vacated Pizzo's grand theft convictions as lesser offenses of Pizzo's organized fraud conviction.

CONCLUSION
A comparison of statutory elements is the proper method for determining a lesser offense in the double jeopardy context, and based upon a comparison of the statutory elements, we find that grand theft is a lesser offense of organized fraud. Accordingly, we quash Pizzo v. State, 916 So.2d 828 (Fla. 2d DCA 2005), and approve Donovan v. State, 572 So.2d 522 (Fla. 5th DCA 1990).
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE and CANTERO, JJ., concur.
NOTES
[1] Pizzo also asserted conflict with Stav v. State, 860 So.2d 478 (Fla. 4th DCA 2003); however, the analysis in Stav does not expressly conflict with the analysis at issue here.
[2] After careful review, we decide not to exercise the discretion to review Pizzo's claims regarding his racketeering conviction.