PER CURIAM.
The appellant appeals his conviction and sentences for organized fraud, grand theft, forgery, uttering a forged instrument and simulating a legal process.
In the record before us, we cannot find the trial court’s denial of his motion for a continuance of the trial to be a palpable abuse of discretion. See Randolph v. State, 853 So.2d 1051, 1062 (Fla.2003)(“Granting a continuance is within the trial court’s discretion, and the court’s ruling on a motion for continuance will be reversed only when an abuse of discretion is shown.” (footnote omitted)); Geralds v. State, 674 So.2d 96, 99 (Fla.1996)(“The denial of a motion for continuance should not be reversed unless there has been a palpable abuse of discretion; this abuse must clearly and affirmatively *892 appear in the record.”); Gorby v. State, 630 So.2d 544, 546 (Fla.1993)(same).
We do however conclude, as properly conceded by the State, that the convictions for organized fraud and grand theft are violative of double jeopardy because they were based on the same facts. See Pizzo v. State, 945 So.2d 1203, 1206 (Fla. 2006)(“It is undisputed that double jeopardy principles preclude convictions for both grand theft and organized fraud based on the same conduct.”). We therefore reverse and vacate the organized fraud conviction and remand this cause to the trial court to correct the final judgment in accordance with this opinion.
Affirmed in part, reversed and remanded in part with instructions.