VILLANTI, Judge.
 

 Steven Raines appeals his convictions and sentences for one count of organized fraud and ten counts of third-degree grand theft, contending that the convictions for
 
 *332
 
 both organized fraud and grand theft violate double jeopardy because the convictions all arose out of the same course of conduct. The State concedes error on this point, and we reverse. This reversal renders Raines’ second issue on appeal moot.
 

 The State charged Raines with ten counts of third-degree grand theft and one count of organized fraud based on allegations that he submitted fraudulent time sheets to Dixie Staffing, the company through which he was employed, over a three-month period. On some of the time sheets, Raines claimed time for hours he had not worked. On others, he forged the signature of the client who was supposed to be receiving his services. Raines accepted and cashed paychecks from Dixie Staffing based on the fraudulent time sheets he submitted.
 

 Raines entered an open plea to the charges, and the trial court sentenced him to 270 days in county jail followed by twenty-four months’ probation on each of the eleven counts, with all of the sentences to run concurrently. Raines subsequently entered an open admission to violating his probation, and the trial court sentenced him to concurrent terms of five years in prison on counts one through five, which were all third-degree grand theft convictions. The trial court also sentenced Raines to concurrent terms of five years in prison on counts six through eleven, which included the remaining third-degree grand theft convictions and the organized fraud conviction. The court ordered that the concurrent sentences on counts one through five were to run consecutively to the concurrent sentences on counts six through eleven.
 

 In this appeal, Raines contends that his convictions and sentences on both the organized fraud count and the ten grand theft counts violate double jeopardy because all of the convictions were based on the same conduct. The State concedes error based on
 
 Pizzo v. State,
 
 945 So.2d 1203 (Fla.2006), but contends that it has the right to decide on remand which charges to drop. We disagree.
 

 In
 
 Pizzo,
 
 the supreme court held that “double jeopardy principles preclude convictions for both grand theft and organized fraud based on the same conduct.”
 
 Id.
 
 at 1206. When two convictions violate double jeopardy, the conviction for the “lesser” offense must be stricken.
 
 Id.
 
 (citing
 
 State v. Barton,
 
 523 So.2d 152, 153 (Fla.1988)). In determining which offense is the “lesser” offense, the court held that “lesser offenses ‘are those in which the elements of the lesser offense are always subsumed within the greater, without regard to the charging document or evidence at trial.’”
 
 Id.
 
 (quoting
 
 State v. Florida,
 
 894 So.2d 941, 947 (Fla.2005)). Applying this analysis to the convictions for grand theft and organized fraud, the supreme court held that because organized fraud includes all of the elements of grand theft as well as an additional element, grand theft is a lesser offense of organized fraud.
 
 Id.
 
 at 1207. Therefore, the court held that Pizzo’s grand theft convictions should have been vacated as lesser offenses of his organized fraud conviction.
 
 Id.
 

 Raines’ ease is essentially indistinguishable from
 
 Pizzo.
 
 Like Pizzo, Raines was convicted of multiple counts of third-degree grand theft and one count of organized fraud, all of which were based on the same conduct. Thus, like in
 
 Pizzo,
 
 Raines’ third-degree grand theft convictions must be vacated as lesser offenses of his organized fraud conviction.
 

 The State attempts to avoid this result by contending that, because Raines
 
 *333
 
 entered a plea to these charges, the State can determine which charges to drop on remand.
 
 [1]
 
 It is true that when a sentence is illegal and such sentence is the product of a negotiated plea agreement, the State has the option of either agreeing to the defendant’s resentencing or withdrawing from the plea agreement and proceeding to trial on the original charges.
 
 Tucker v. State,
 
 864 So.2d 580, 581 (Fla. 2d DCA 2004). In such an instance, if the State withdraws from the plea agreement, it may elect to dismiss certain charges before proceeding to trial.
 

 Here, however, Raines did
 
 not
 
 enter into a plea agreement with the State. Instead, he entered an open plea to the court. Thus, the State cannot choose to “withdraw” from a plea agreement on remand because no such agreement exists, and accordingly the proceedings on remand are not within the State’s discretion. Rather, under
 
 Pizzo,
 
 Raines’ third-degree grand theft convictions must be vacated and his case remanded for resentencing on the sole remaining conviction for organized fraud.
 

 Reversed and remanded for further proceedings.
 

 KELLY and KHOUZAM, JJ., Concur.
 

 [1]
 

 . We note that each charged offense in this case is a third-degree felony. Thus, we assume the State makes this argument based on its assumption that scoring ten counts of third-degree grand theft on the Criminal Punishment Code scoresheet would yield a greater sentence on remand than scoring the single count of organized fraud.