FARMER, J.
 

 Defendant stole a debit card from an acquaintance, whom she had assisted by activating the card for use. She then used the card for little more than a month to make purchases and withdraw money from the account in 28 transactions amounting to more than $1,500.
 
 [1]
 
 When the card was reported missing, she was ultimately identified and arrested. Rather than grand theft, the State charged her with engaging in an organized scheme to defraud. The jury found her guilty. On appeal the issue is whether her month long use of the stolen debit card constitutes an “organized fraud” within the meaning of § 817.034(4)(a), Fla. Stat. (2007).
 
 [2]
 

 In
 
 Pizzo v. State,
 
 945 So.2d 1203, 1207 (Fla.2006), the court explained that in order to convict for organized fraud the State must prove the following elements: (1) engaging in or furthering a systematic ongoing course of conduct; (2) with either intent to defraud or to obtain property by false or fraudulent pretenses, representations, or promises, or willful misrepresentations of a future act; (3) resulting in temporarily or permanently depriving any person of the right to property or a benefit therefrom, or appropriating the property to one’s own use or to the use of another person not entitled thereto. The court noted that all of the elements of grand theft are included in the offence of organized scheme to defraud and that the only difference between the two is that an “organized scheme” contains the additional element of “a systematic, ongoing course of conduct with the intent to defraud or take property.” 945 So.2d at 1207.
 

 We agree with the State that using a stolen debit card over the course of a month in 28 separate transactions can fairly be described as “an ongoing course of conduct.” We further agree that her use of the card was necessarily accompanied by an implied representation that she was lawfully entitled to use the card for each transaction to obtain money or goods for herself. Finally, we think it equally apparent that each transaction was undertaken by her to appropriate the proceeds from the account for her own use even though she was not entitled to do so. The evidence thus constitutes a prima facie case of violating § 817.034(3).
 

 Defendant testified at trial and admitted assisting the cardholder with activating the card for use. She further admitted to making the transactions in evidence. Her defense was that the cardholder told her she could keep the card and use it as needed. That testimony was directly contradicted by the cardholder who testified she neither knew of nor authorized defendant’s retention and use of the card. The verdict makes clear that the jury believed the cardholder.
 

 The Legislature has the power to criminalize the same acts in different ways, without any impropriety in making conduct involved in one case subject to prosecution either as several instances of grand theft
 
 *211
 
 or in sum as an organized scheme to defraud. When charged as an organized scheme to defraud, multiple acts of grand theft become lesser included offenses and must be so recognized.
 
 Pizzo,
 
 945 So.2d at 1206 (grand theft is lesser offense of organized fraud which adds an additional element of a systematic, ongoing course of conduct with intent to defraud or take property).
 
 Pizzo
 
 makes clear that an offender cannot be convicted constitutionally of both organized scheme to defraud and grand theft for the same conduct.
 
 Id.; see also Pineda v. State,
 
 3 So.3d 1289 (Fla. 4th DCA 2009) (dual conviction for both organized scheme to defraud and grand theft for same conduct is double jeopardy violation);
 
 Raines v. State,
 
 19 So.3d 331 (Fla. 2d DCA 2009).
 

 It follows that defendant’s conviction must be
 

 Affirmed.
 

 WARNER and LEVINE, JJ., concur.
 

 [1]
 

 . These charges included several purchases at Wal-Mart and other stores, ranging from $6 to $140, as well as cash withdrawals in the amounts of $102, $32, $400, $80, $200, $60, $200.
 

 [2]
 

 . “Any person who engages in a scheme to defraud and obtains property thereby is guilty of organized fraud." The term "scheme to defraud” is defined as an "ongoing course of conduct with intent to defraud one or more persons _" § 817.034(3)(d), Fla. Stat. (2007).