VILLANTI, Judge.
Stephen Henry appeals his convictions and sentences for one count of scheme to defraud, one count of grand theft, and one count of fraudulent use of personal identification information. We affirm Henry’s conviction for fraudulent use of personal identification information without further comment. However, because Henry’s convictions for both scheme to defraud and grand theft violate double jeopardy, we vacate the grand theft conviction and remand for resentencing using a corrected scoresheet.
The evidence at trial established that two women stole a credit card belonging to Judy Jones while she was working in a Lakeland shopping mall. At 3 a.m. the next morning, Henry entered a CVS drug store accompanied by one of the two women. The woman gathered several items from the store and placed them on the checkout counter. As she did so, Henry-approached the counter carrying several gift cards. After the woman walked toward the back of the store, Henry used Jones’ stolen credit card to make two separate purchases — one for the items brought to the counter by the woman and the second for the gift cards he wanted. After the purchases were complete, the woman returned to the front of the store and accompanied Henry as he left the store.
Three hours later, Henry returned to the CVS store alone and tried to purchase additional gift cards using Jones’ stolen credit card. The CVS clerk refused to complete the sale when she noticed that the credit card did not bear Henry’s name. Henry told the clerk that the card belonged to “a woman” or “his aunt” who was outside in the car. WTien the clerk told Henry that his aunt would have to come inside, Henry walked to the door and called to someone outside. When the person refused to come into the store, Henry returned to the counter, told the clerk he would not complete the purchase, and left.
Henry was subsequently identified based on the store surveillance video. He was arrested and charged with one count of scheme to defraud CVS, one count of *183 grand theft from either CVS or Judy Jones, and one count of criminal use of personal identification information based on his use of Jones’ credit card. The jury found Henry guilty as charged, and the court sentenced him on each count to three years in prison followed by three years’ probation as a habitual felony offender.
In this appeal, Henry argues that the evidence was insufficient to support his convictions, that the prosecutor made improper statements during closing arguments, and that his dual convictions for scheme to defraud and grand theft violate double jeopardy. We reject all of Henry’s arguments except the double jeopardy claim. That argument, which raises an issue of fundamental error and so can be asserted for the first time on appeal, see Safrany v. State, 895 So.2d 1145, 1147 (Fla. 2d DCA 2005), has merit and requires us to vacate the grand theft conviction and remand for resentencing.
The supreme court has held that “double jeopardy principles preclude convictions for both grand theft and organized fraud based upon the same conduct.” Pizza v. State, 945 So.2d 1203, 1206 (Fla.2006). When two convictions violate double jeopardy, the conviction for the “lesser” offense must be vacated. Id. (citing State v. Barton, 523 So.2d 152, 153 (Fla.1988)). In determining which offense is the “lesser” offense, the court held that “lesser offenses ‘are those in which the elements of the lesser offense are always subsumed within the greater, without regard to the charging document or evidence at trial.’ ” Id. (quoting State v. Florida, 894 So.2d 941, 947 (Fla.2005)). Applying this analysis to the convictions for grand theft and organized fraud, the supreme court held that because organized fraud includes all of the elements of grand theft as well as an additional element, grand theft is a lesser offense of organized fraud. Id. at 1207. Therefore, the court held that Pizzo’s grand theft convictions should have been vacated as lesser offenses of his organized fraud conviction. Id.; see also Raines v. State, 19 So.3d 331, 332 (Fla. 2d DCA 2009).
Here, as in Rizzo and Raines, Henry’s convictions for organized scheme to defraud and grand theft are based on the same underlying conduct. Therefore, his convictions for both offenses violate double jeopardy. Consistent with Pizzo, we must therefore vacate the grand theft conviction and remand for Henry to be resentenced pursuant to a corrected scoresheet.
Affirmed in part, vacated in part, and remanded for resentencing.
ALTENBERND and CRENSHAW, JJ„ Concur.