ORFINGER, C.J.
Jaren A. Hare and Charles J. Darnell (“Appellants”) appeal their convictions of aggravated manslaughter of a child by culpable negligence.[1] We affirm these convictions without discussion. However, we agree with Appellants that their additional convictions of child neglect,[2] arising from the same criminal act, violated double jeopardy principles.[3]
The double jeopardy clause in both the state and federal constitutions protects criminal defendants from multiple convictions and punishments for the same offense. McKnight v. State, 906 So.2d 368, 370 (Fla. 5th DCA 2005). Determining whether double jeopardy is violated is a legal determination, which we review de novo. Pizzo v. State, 945 So.2d 1203, 1206 (Fla.2006).
*254 “The prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature ‘intended to authorize separate punishments for the two crimes.’ ” Valdes v. State, 3 So.3d 1067, 1070 (Fla.2009) (quoting M.P. v. State, 682 So.2d 79, 81 (Fla.1996)). Absent clear legislative intent to authorize separate punishments, courts employ the Blockburge[4] “same elements” test, ie., “whether each offense has an element that the other does not,” codified at section 775.021(4)(a), Florida Statutes (2009).[5] If each of the offenses has an element that the other does not, the court must then determine if one of the exceptions set forth in section 775.021(4)(b)[6] applies to preclude separate convictions and sentences. Valdes, 3 So.3d at 1070.
Aggravated manslaughter of a child by culpable negligence requires the State to prove the defendant caused the death of a person under the age of eighteen “by culpable negligence under s. 827.03(3),” the criminal child neglect statute.[7] § 782.07(3), Fla. Stat. (2009); Fla. Std. Jury. Inst. (Crim.) 7.7; see Ramos v. State, 89 So.3d 1119, 1120 n. 1 (Fla. 1st DCA 2012); Koenig v. State, 757 So.2d 595, 596 (Fla. 5th DCA 2000). In turn, to prove child neglect under section 827.03(3), Florida Statutes (2009), the State is required to prove that the defendant acted willfully or with culpable negligence in creating a situation or allowing a dangerous condition to occur. See § 827.03(3)(c), Fla. Stat. (2009); Fla. Std. Jury Inst. (Crim.) 16.5, 16.6; Parrish v. State, 66 So.3d 1030, 1032 (Fla. 1st DCA 2011); Arnold v. State, 755 So.2d 796, 797 (Fla. 2d DCA 2000). Neglect of a child, resulting in great bodily harm, is a second-degree felony. *255 § 827.03(3)(b), Fla. Stat. (2009). Neglect that results in the death of the child is a first-degree felony. Koenig, 757 So.2d at 596.
Double jeopardy principles prohibit convictions for “[ojffenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.” § 775.021(4)(b)3., Fla. Stat. (2009). This exception applies only to category one or necessarily lesser included offenses and not to category two or permissive lesser included offenses. State v. Florida, 894 So.2d 941, 947 (Fla.2005), receded from on other grounds by Valdes, 3 So.3d 1067; Lott v. State, 74 So.3d 556, 559 (Fla. 5th DCA 2011). Necessarily lesser included offenses are offenses in which the statutory elements of the lesser included offense are always subsumed within those of the charged offense. Coicou v. State, 39 So.3d 237, 243 (Fla.2010); Sanders v. State, 944 So.2d 203, 206 (Fla.2006).
Based on the elements of these crimes as defined by law, it is not possible to commit the offense of aggravated manslaughter of a child by culpable negligence, without committing the lesser offense of criminal child neglect.[8] Although aggravated manslaughter of a child by culpable negligence contains an additional element that is not an element of child neglect, that is, death, all of the elements of criminal child neglect are included in the offense of aggravated manslaughter of a child by culpable negligence. Child neglect is thus a necessarily lesser included offense of aggravated manslaughter of a child by culpable negligence. Consequently, double jeopardy prohibits convictions for both aggravated manslaughter of a child by eulpa-ble negligence and child neglect as separate offenses when, as here, the offense emanated from the same criminal act.[9] See generally Gress v. State, 85 So.3d 1185 (Fla. 5th DCA 2012) (holding that appellant’s conviction for culpable negligence violated double jeopardy as it arose from same criminal episode and involved same victim, and thus was lesser offense subsumed by greater offense of neglect of child causing great bodily harm, permanent disfigurement, or permanent disability); Koenig, 757 So.2d at 596 (stating that section 782.07(3), in effect, adds a third “culpably negligent” charge by criminalizing neglect that causes death of child); see also Pizzo, 945 So.2d at 1206 (holding that lesser offenses are those in which elements of lesser offense are always subsumed within greater, without regard to charging argument or evidence at trial).
Accordingly, we vacate Appellants’ convictions and sentences for child neglect, but affirm their convictions and sentences of aggravated manslaughter of a child by culpable negligence. See Pizzo, 945 So.2d at 1206.
AFFIRMED in part; VACATED in part.
PALMER and BERGER, JJ., concur.

. § 782.07(3), Fla. Stat. (2009).

. § 827.03(3), Fla. Stat. (2009).

.The Court has consolidated these cases for disposition.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

. Section 775.02 l(4)(a), Florida Statutes (2009), states:
Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

. Section 775.021(4)(b), Florida Statutes (2009), states:
The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1.Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

.Section 827.03(3)(a), Florida Statutes (2009), provides:
(3)(a) "Neglect of a child” means:
1. A caregiver's failure or omission to provide a child with the care, supervision, and services necessary to maintain the child’s physical and mental health, including, but not limited to, food, nutrition, clothing, shelter, supervision, medicine, and medical services that a prudent person would consider essential for the well-being of the child; or
2. A caregiver's failure to make a reasonable effort to protect a child from abuse, neglect, or exploitation by another person. Neglect of a child may be based on repeated conduct or on a single incident or omission that results in, or could reasonably be expected to result in, serious physical or mental injury, or a substantial risk of death, to a child.

. The State conceded this point at oral argument.

. In this respect, this case differs from our decision in Koenig v. State, 757 So.2d 595 (Fla. 5th DCA 2000), which determined that child abuse is not subsumed in the charge of aggravated manslaughter of a child by culpable negligence.