Bilbrey, J.
Lyndell Cooks appeals his conviction for scheme to defraud arguing the trial court erred in denying his motion for a judgment of acquittal. We agree, reverse, and remand for entry of judgment and for resentencing on the lesser included offense of grand theft of property valued over $300 but less than $5,000.
Cooks was charged with engaging in a scheme to defraud in violation of section 817.034(4)(a), Florida Statutes. The charge was premised on a series of shoplifting incidents in a Live Oak Walmart. According to the State's evidence, Cooks would enter the store at various times on various days, would place items in a shopping cart, and then would dash from the store without paying for the goods. At the close of the State's case, Cooks moved for a judgment of acquittal arguing the prosecution had not established that he acted with an intent to defraud or otherwise made a *776 misrepresentation to obtain the goods, an essential element of the charged offense. The prosecutor responded that every time Cooks left the store, he misrepresented that he was "a lawful paying customer" and so there was an "implied representation of ownership." In support of the State's position, the prosecutor cited Beamon v. State , 23 So.3d 209 (Fla. 4th DCA 2009), to the trial court. The trial court denied the motion for a judgment of acquittal. Cooks was found guilty of the charge and was sentenced to 36 months in prison followed by two years' probation.
In reviewing a motion for judgment of acquittal we apply a de novo standard of review. See Pagan v. State , 830 So.2d 792 (Fla. 2002). If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction. Id.
The Florida Supreme Court has described the elements of the offense of committing a scheme to defraud, also known as "organized fraud," proscribed by section 817.034(4)(a), as follows:
(1) Engaging in or furthering a systematic, ongoing course of conduct (2) with (a) intent to defraud, or (b) intent to obtain property by false or fraudulent pretenses, representations, or promises, or willful misrepresentations of a future act, (3) resulting in temporarily or permanently depriving any person of the right to property or a benefit therefrom, or appropriating the property to one's own use or to the use of another person not entitled thereto.
Pizzo v. State , 945 So.2d 1203, 1207 (Fla. 2006) (emphasis added) (quoting Donovan v. State , 572 So.2d 522, 526 (Fla. 5th DCA 1990) ).
Even viewing the evidence in a light favorable to the State, there is no basis in the record for concluding Cooks acted with an intent to defraud or that he made a fraudulent representation, promise, or willful misrepresentation of a future act. What the evidence did plainly establish is that Cooks committed theft, the elements of which are:
(1) knowingly (2) obtaining or using, or endeavoring to obtain or use, property of another (3) with intent to deprive the person of a right to the property or a benefit therefrom, or to appropriate the property to one's own use or to the use of any person not entitled thereto.
Pizzo , 945 So.2d at 1207 (quoting Donovan , 572 So.2d at 526 ).
As demonstrated by the case law, a conviction for violating section 817.034(4)(a) requires proof of more than mere theft. For instance, in Pizzo , the Supreme Court compared the elements of grand theft and scheme to defraud and found that convictions for both offenses constituted double jeopardy under the facts of the case. Those facts were that the defendant, through his window business, was making sales
based on misrepresentations that the windows being sold were "Reynolds" windows when they were actually Caradon Better Bilt windows distributed by Reynolds Building Products; misrepresentations regarding East Coast Exteriors' history and capacity to do the work; and misrepresentations and omissions that resulted in liens and mortgages being recorded against customers' properties without their knowledge.
Id. at 1205 (quoting Pizzo v. State , 916 So.2d 828, 830 (Fla. 2d DCA 2005) ). No similar type of misrepresentation occurred in this case.
Similarly, in Beamon , cited by the State at trial, the reviewing court affirmed a *777 conviction for organized fraud where the defendant used a stolen credit card 28 times. The court explained, the "use of the card was necessarily accompanied by an implied representation that she was lawfully entitled to use the card for each transaction to obtain money or goods for herself." 23 So.3d at 210. The uses in Beamon included purchases at Walmart and other retailers as well as cash withdrawals. Likewise, in Sewall v. State , 783 So.2d 1171 (Fla. 5th DCA 2001), a conviction of organized fraud was affirmed after an insurance salesman solicited investments for office expansion when there was never any meaningful action undertaken to expand. Again, in both Beamon and Sewall , there was some perpetration of a falsehood. No evidence was offered below that Cooks acted with such guile-in fact he openly walked out the front door with the stolen goods each time. And no case has been cited to us that shoplifting, even repeatedly, is a scheme to defraud.
Grand theft (both second and third degrees) and petit theft (both first and second degrees) are necessarily lesser included offenses of scheme to defraud. See Fla. Std. Jury Instr. (Crim.) 20.19; Pizzo , 945 So.2d at 1207. The evidence at trial showed that the most Cooks ever stole was on March 4, 2016, when he walked out of the store with two televisions worth a total of $796. Therefore, pursuant to section 924.34, Florida Statutes, the cause should be remanded for entry of a judgment of conviction for the lesser offense of grand theft of property over $300 but less than $5,000, grand theft in the third degree, a third degree felony.*
We find no basis to reverse as to the remaining issue presented on appeal. Accordingly, the judgment of conviction for scheme to defraud is reversed, and the corresponding sentence is vacated. The cause is remanded for preparation of a corrected scoresheet, entry of a corrected judgment, and resentencing.
REVERSED and REMANDED.
B.L. Thomas, C.J., and Jay, J., concur.

Even if it could be argued that the six thefts spanning March 4 to April 30, 2016, should be treated as one incident, the aggregate value of the goods stolen was under $5,000.