NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KEISHA FREEMAN,　　　　　　　　　　)
a/k/a KEISHA MONIQUE FREEMAN,　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Appellant,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　Case No. 2D17-5105
　　　　　　　　　　　　　　　　　　)
STATE OF FLORIDA,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Appellee.　　　　　　　　　)
_____)

Opinion filed January 9, 2019.

Appeal from the Circuit Court for Polk
County; William D. Sites, Judge.

Andrea M. Norgard of Norgard, Norgard, &
Chastang, Bartow, for Appellant.

Ashley Brooke Moody, Attorney General,
Tallahassee, and Laurie Benoit-Knox,
Assistant Attorney General, Tampa, for
Appellee.

VILLANTI, Judge.

Keisha Freeman appeals her convictions and sentences for one count of

uttering a forged document, one count of third-degree grand theft, one count of criminal

use of personal identification information, one count of fraudulent use of a credit card,

and one count of scheme to defraud. Because Freeman's convictions for scheme to

defraud and grand theft violate double jeopardy, we vacate the grand theft conviction and remand for resentencing. In all other respects, we affirm.

Freeman was arrested and charged with these offenses after she took a check payable to her cousin while he was in prison, deposited it into a newly opened bank account, and then began spending the funds using a debit card to access the new account. The jury found Freeman guilty as charged, and the trial court entered convictions and sentences for each of the offenses.

However, under Florida law, dual convictions for both scheme to defraud and grand theft violate double jeopardy when the convictions are based on the same course of conduct. See Pizzo v. State, 945 So. 2d 1203, 1206 (Fla. 2006); see also Henry v. State, 64 So. 3d 181, 183 (Fla. 2d DCA 2011); Raines v. State, 19 So. 3d 331, 332 (Fla. 2d DCA 2009); Beamon v. State, 23 So. 3d 209, 210 (Fla. 4th DCA 2009). When such a double jeopardy violation occurs, the conviction for the lesser offense, i.e., the grand theft conviction, must be vacated. See Pizzo, 945 So. 2d at 1207. Moreover, because a double jeopardy violation constitutes fundamental error, it can be raised for the first time on appeal. See Henry, 64 So. 3d at 183; Safrany v. State, 895 So. 2d 1145, 1147 (Fla. 2d DCA 2005).

Here, the evidence at trial established that Freeman used a debit card to access her cousin's funds twenty-one times over a period of three weeks without his permission. These same facts supported the convictions for both scheme to defraud

and grand theft.  Therefore, the dual convictions violate double jeopardy, and the grand theft conviction must be vacated.[1]

In this appeal, the State contends that the dual convictions do not violate double jeopardy because multiple transactions occurred on multiple days and the jury could have found that one transaction was sufficient for grand theft while the remaining twenty constituted the scheme to defraud.  However, because such a factual finding was not made on the verdict form, we need not address this argument.

Accordingly, we must vacate Freeman's conviction for grand theft and affirm the remaining convictions.  On remand, the trial court must resentence Freeman using a corrected scoresheet.

Affirmed in part, vacated in part, and remanded with directions.

LaROSE, C.J., and LUCAS, J., Concur.

---

[1]Freeman also correctly argues that her convictions for both grand theft and fraudulent use of a credit card violate double jeopardy as well.  See Ross v. State, 760 So. 2d 214, 214 (Fla. 2d DCA 2000), receded from on other grounds by Coughlin v. State, 932 So. 2d 1224 (Fla. 2d DCA 2006) (en banc); State v. McDonald, 690 So. 2d 1317, 1319 (Fla. 2d DCA 1997).  However, because we are vacating the grand theft conviction due to the double jeopardy violation with the scheme to defraud conviction, this argument is moot.