NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| SHAYLA LEWIS, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Case No. 2D17-1247 |
| | ) |
| STATE OF FLORIDA, | ) |
| | ) |
| Appellee. | ) |
| | ) |

Opinion filed February 20, 2019.

Appeal from the Circuit Court for Polk
County; William Sites, Judge.

Howard L. Dimmig, II, Public Defender,
and Judith Ellis, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and David Campbell,
Assistant Attorney General, Tampa, for
Appellee.

KELLY, Judge.

Shayla Lewis appeals from her judgment and sentences for executing a

scheme to defraud on a financial institution, unlawful possession of a stolen credit card,

fraudulent use of a credit card ($100 or more), grand theft ($300 or more), and criminal

use of personal identification information.  We affirm Lewis's convictions with the exception of her conviction for grand theft.

Lewis argues, correctly, that this court has held that convictions for scheming to defraud and grand theft based on the same underlying conduct violate double jeopardy principles.  See Henry v. State, 64 So. 3d 181, 183 (Fla. 2d DCA 2011) ("[D]ouble jeopardy principles preclude convictions for both grand theft and organized fraud based upon the same conduct." (quoting Pizzo v. State, 945 So. 2d 1203, 1206 (Fla. 2006))).  Therefore, we strike the conviction for grand theft, which is the lesser offense.  See id. ("[B]ecause organized fraud includes all of the elements of grand theft as well as an additional element, grand theft is a lesser offense of organized fraud." (citing Pizzo, 945 So. 2d at 1207)); see also Riley v. State, 854 So. 2d 807, 808 (Fla. 1st DCA 2003) (holding that the defendant could not be convicted of illegally obtaining property through the use of a forged credit card and grand theft arising out of the same transaction because fraudulent use of a credit card and grand theft were degrees of the same offense).

We find no merit in Lewis's remaining points on appeal.  Accordingly, we affirm the convictions for scheming to defraud, unlawful possession of a stolen credit card, fraudulent use of a credit card, and criminal use of personal identification information.  We reverse the conviction for grand theft and remand for resentencing pursuant to a corrected scoresheet.

Affirmed in part, reversed in part, and remanded with directions.

SLEET and SALARIO, JJ., Concur.