DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**JOHANNA COURTS,**
Appellee.

No. 4D2022-2855

_____

**STATE OF FLORIDA,**
Appellant,

v.

**ANDREW JAMES JONES,**
Appellee.

No. 4D2022-2858

[May 1, 2024]

Consolidated appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case Nos. 22-002596-CF10A and 22-002597-CF10A.

Ashley Moody, Attorney General, Tallahassee, and Kimberly T. Acuña, Senior Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellee Johanna Courts.

Antony P. Ryan, Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Fourth District, West Palm Beach, for appellee Andrew James Jones.

DAMOORGIAN, J.

This matter involves two appeals by the State involving co-defendants and the same underlying facts. We have therefore *sua sponte* consolidated the appeals for opinion purposes.

The State appeals the trial court's orders granting defendant Johanna Courts' ("Courts") and co-defendant Andrew James Jones' ("Jones") (collectively "Defendants") motions to vacate their convictions for grand theft based on double jeopardy grounds. For the reasons outlined below, we affirm the trial court's order vacating Defendants' grand theft convictions.

By way of background, Defendants were employed at Cornerstone Community Health Services ("Cornerstone"), a Medicaid health care provider, where Courts was the chief operating officer and Jones the executive director. Criminal charges arose from Defendants' back billing Medicaid for patients who never received the health care services Cornerstone billed to Medicaid. Defendants were ultimately charged by information with two counts: (1) Medicaid provider fraud, with a value of $50,000 or more, pursuant to sections 409.920(2)(a) and (2)(b)1.c., Florida Statutes; and (2) grand theft, with a value of $100,000 or more, pursuant to sections 812.014(1) and (2)(a)1., Florida Statutes.

After a joint trial, Courts was found guilty of: (1) committing Medicaid provider fraud and receiving or endeavoring to receive a value of more than $10,000 but less than $50,000, and (2) grand theft with a value of $10,000 or more but less than $20,000. Jones was found guilty of: (1) committing Medicaid provider fraud and receiving or endeavoring to receive a value of $50,000 or more, and (2) grand theft with the value of $20,000 or more but less than $100,000. Defendants moved to vacate their grand theft convictions on double jeopardy grounds.

At the subsequent hearing, Defendants argued that all the statutory elements of grand theft were subsumed within the greater offense of Medicaid provider fraud and that convictions for both violated double jeopardy protections. The State countered that each offense had an element that the other did not. The trial court concluded that "the elements for Medicaid Provider Fraud contain all of the elements of Grand Theft such that Grand Theft is a lesser-included offense of Medicaid Provider Fraud," and that "the same actions of the Defendant[s] constituted the basis for both the Medicaid Provider Fraud and the Grand Theft counts." Accordingly, the trial court found the convictions for both charges violated Defendants' protections against double jeopardy and vacated the grand theft convictions. This appeal follows.

A defendant is placed in double jeopardy when, based upon the same conduct, the defendant is convicted of two offenses, each of which does not require proof of a different element. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). "[A]bsent an explicit statement of legislative intent to authorize separate punishments for two crimes, application of the *Blockburger* . . . 'same-elements' test pursuant to section 775.021(4), Florida Statutes[,] is the sole method of determining whether multiple punishments are double-jeopardy violations." *State v. Shelley*, 176 So. 3d 914, 917 (Fla. 2015) (alterations in original) (quoting *Gaber v. State*, 684 So. 2d 189, 192 (Fla. 1996)). The Florida Legislature codified exceptions to the *Blockburger* test in section 775.021(4), Florida Statutes, which provides:

> (4)(a) . . . . For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
>
> (b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
>
> 1. Offenses which require identical elements of proof.
>
> 2. Offenses which are degrees of the same offense as provided by statute.
>
> 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

§ 775.021(4), Fla. Stat. (2021).

The respective charges of grand theft and Medicaid provider fraud for which Defendants were convicted required the State prove the following elements:

**Grand theft**:

> (1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:

(a) Deprive the other person of a right to the property or a benefit from the property.

(b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

§ 812.014(1), Fla. Stat. (2021). Stolen property valued at $10,000 or more, but less than $20,000, constitutes grand theft of the third degree, a third-degree felony. § 812.014(2)(c)3., Fla. Stat. Stolen property valued at $20,000 or more, but less than $100,000, constitutes grand theft of the second degree, a second-degree felony. § 812.014(2)(b)1., Fla. Stat.

*Medicaid provider fraud*:

A person may not . . . [k]nowingly make, cause to be made, or aid and abet in the making of any false statement or false representation of a material fact, by commission or omission, in any claim submitted to the agency or its fiscal agent or a managed care plan for payment.

§ 409.920(2)(a)1., Fla. Stat. (2021).

On appeal, the State asserts that grand theft and Medicaid provider fraud each require proof of an element the other does not and that none of the exceptions in section 775.021(4)(b) apply. The State attempts to distinguish the elements of proof between the charges by arguing that grand theft requires proving specific intent to deprive or appropriate, which Medicaid provider fraud does not require. Defendants argue the statutory elements of Medicaid provider fraud cannot be proven without proving the statutory elements of grand theft.

We reject the State's argument because Medicaid provider fraud requires that the actor "knowingly" commit the act. The Medicaid provider fraud statute, in turn, defines "knowingly" as follows:

"Knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident. As used in this section, the term "knowingly" also includes the word "willfully" or "willful" which, as used in this section, means that an act was committed voluntarily and purposely, with the specific intent to do something that the law forbids, and that the act was committed with bad purpose, either to disobey or disregard the law.

4

§ 409.920(1)(d), Fla. Stat. (2021).

Our reading of this definition compels us to conclude that the crime of Medicaid provider fraud requires specific intent to submit a false claim for payment thereby depriving another of money. This is precisely why submission of a claim by mistake or accident would not be a violation of the statute. We therefore conclude that, although worded differently, the statutory elements of grand theft are included in the offense of Medicaid provider fraud. *See, e.g., Koerber v. State,* No. 4D2022-3025, 2024 WL 696511, at *1 (Fla. 4th DCA Feb. 21, 2024) (holding that "convictions for both grand theft and defrauding a financial institution violate double jeopardy principles"); *Pizzo v. State,* 945 So. 2d 1203, 1207 (Fla. 2006) (holding that "[a]lthough worded differently, all of the elements of grand theft are included in the offense of organized fraud," however, "[b]ecause organized fraud includes all of the elements of grand theft as well as an additional element, grand theft is a lesser offense of organized fraud"); *Donovan v. State,* 572 So. 2d 522, 526 (Fla. 5th DCA 1990) (holding that double jeopardy was violated where "[t]he elements of theft are all included in the elements of organized fraud even though identical terminology is not used in the two statutes").

*Affirmed.*

KUNTZ, J., concurs.
MAY, J., dissents with opinion.

MAY, J., dissenting.

I respectfully dissent.

The State argues the trial court erred in vacating the defendants' convictions for grand theft based on double jeopardy grounds, asserting that Medicaid provider fraud and grand theft charges each have an element the other does not and none of the exceptions in section 775.021(4)(b), Florida Statutes (2020), are met. I agree. I therefore dissent.

Our legislature has codified the rules for determining whether a double jeopardy violation exists.

> (a) . . . For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

5

(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:

1. Offenses which require identical elements of proof.

2. Offenses which are degrees of the same offense as provided by statute.

3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

§ 775.021(4), Fla. Stat. (2020).

The statutory elements of grand theft are:

(1) knowingly

(2) obtaining or using, or endeavoring to obtain or use, property of another

(3) with intent to deprive the person of a right to the property or a benefit there from, or to appropriate the property to one's own use or to the use of any person not entitled thereto.

*Pizzo v. State*, 945 So. 2d 1203, 1207 (Fla. 2006) (citation omitted).

The statutory elements for Medicaid provider fraud are:

[1] [k]nowingly make, cause to be made, or aid and abet in the making of any false statement or false representation of a material fact, by commission or omission, in any claim [2] submitted to the agency or its fiscal agent or a managed care plan for payment.

§ 409.920(2)(a)1., Fla. Stat. (2020). The "agency" is the Agency for Health Care Administration. § 409.920(1)(a), Fla. Stat. (2020).

Here, "each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial." *See* § 775.021(4)(a), Fla. Stat. (2020). Thus, the charges and convictions

6

in this case do not run afoul of the constitutional protection against double jeopardy.

The grand theft charge requires proof of an intent to deprive, an element of proof not required for the Medicaid provider fraud charge. Correspondingly, the Medicaid provider fraud charge requires proof of making a false statement or false representation of a material fact and proof that the victim was an agency or its fiscal agent or a managed care plan, an element of proof not required for the grand theft charge.

For this simple, but overlooked, reason, the decision in *Pizzo* does not require an affirmance. Our recent decision in *Koerber v. State*, No. 4D2022-3025, 2024 WL 696511 (Fla. 4th DCA Feb. 21, 2024), also does not require an affirmance because the elements of the charged crimes in *Koerber* are different than those in this case. I therefore dissent.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***

7