# Third District Court of Appeal

## State of Florida

Opinion filed July 23, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0077
Lower Tribunal No. F22-8358
_____

**Lisa G. Miller,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Zachary James, Judge.

Carlos J. Martinez, Public Defender, and Deborah Prager, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Daniel Colmenares, Assistant Attorney General, for appellee.

Before FERNANDEZ, LOGUE and LINDSEY, JJ.

PER CURIAM.

Affirmed. See Cooks v. State, 249 So. 3d 774, 776 (Fla. 1st DCA 2018) ("If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction."); Sewall v. State, 783 So. 2d 1171, 1177 (Fla. 5th DCA 2001) ("The elements of theft are included in the elements of organized fraud. However, organized fraud contains one additional element—engaging in or furthering a systematic, ongoing course of conduct." (citation omitted)); United States v. Davis, 901 F.3d 1030, 1035 (8th Cir. 2018) ("Intent, of course, may be proved by circumstantial evidence, and '[t]he scheme itself often serves as evidence of a defendant's intent to defraud.' . . . While Davis testified he believed the paychecks were legitimate because he was 'on-call,' the jury was free to disbelieve Davis's denials in light of the amount of pay and work actually performed     [L]ack of concealment does not necessarily establish innocence. . . . The jury reasonably could have found that the Davises were brazen but guilty[.]" (citations omitted)); Beamon v. State, 23 So. 3d 209, 210 (Fla. 4th DCA 2009) ("[W]e think it equally apparent that each transaction was undertaken by her to appropriate the proceeds from the account for her own use even though she was not entitled to do so. The evidence thus constitutes a prima facie case of violating § 817.034(3).").