# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-1593
Lower Tribunal No. 2008-CF-14308-A-O

_____

STACY A. SCOTT,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Orange County.
Renee A. Roche, Judge.

August 8, 2025

BROWNLEE, J.

Appellant Stacy A. Scott appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.[1] In his motion, Scott asserted one claim of ineffective assistance of counsel. The postconviction court denied the

_____

[1] This case was transferred from the Fifth District Court of Appeal to this Court on January 1, 2023.

claim, finding it untimely and refuted by the record. We agree with Scott that both of the trial court's findings were erroneous and reverse.[2]

In the underlying case, the State charged Scott with the following four counts: (1) fraudulent use of personal identification information; (2) fraudulent use of personal identification information; (3) grand theft motor vehicle; and (4) scheme to defraud. Scott eventually pled no contest, and the trial court sentenced him to concurrent terms of nineteen months in prison on each count. Scott then filed a motion for postconviction relief, arguing he received ineffective assistance of counsel when his attorney failed to advise him that a conviction for both grand theft of a motor vehicle and scheme to defraud violates double jeopardy. Scott maintained that, had he been advised of this, he would have rejected the plea offer and proceeded to trial. Scott's motion bore a prison date stamp of March 23, 2009, as did the certificate of service on the motion. For reasons unknown to this Court, however, Scott's motion did not appear on the trial court's docket until twelve years later, on April 5, 2021.

The trial court ordered the State to respond to Scott's motion. Although the State did so, it responded to a double jeopardy claim that was different than the one asserted in Scott's motion. According to the State's response, after Scott entered a plea to all four counts in this case, he entered pleas in two other cases based on the same conduct. For example, in case number 2008-CF-01390-A-O, Scott pled to one count of grand theft of a motor vehicle

---

[2] The State declined to file an Answer Brief.

based on the same conduct alleged in count three of the Information in this case. And, in case number 2010-CF-002530-A-O, Scott pled guilty to one count of fraudulent use of personal identification information based on the same conduct alleged in count four of the Information in this case. The State then conceded that these convictions violate the principles of double jeopardy and recommended the trial court grant Scott's motion. But the State never addressed the claim Scott actually raised—that he received ineffective assistance of counsel when his attorney failed to advise him that a conviction on both count three and count four violates double jeopardy.

Notwithstanding the State's recommendation, the trial court denied Scott's motion. It first found the motion untimely because it was filed more than two years after his judgment became final. It then found that, even if Scott's claim was timely, he was not entitled to relief. In doing so, however, the trial court relied on the State's response and therefore misinterpreted Scott's claim. The trial court ultimately agreed with the State that Scott's convictions in case numbers 2010-CF-2530-A-O and 2008-CF-013930-A-O violate double jeopardy but determined that any relief on this basis must be sought in those cases. The court found Scott was not entitled to any relief in this case, without ever addressing the ineffective assistance of counsel claim raised in Scott's motion.

We now reverse the trial court's order for two reasons. First, Scott's motion was timely under the mailbox rule, because the record reveals Scott provided it to prison officials on March 23, 2009. *See Loveland v. State*, 396 So. 3d 232, 233 (Fla. 6th DCA 2024) (citing

3

*Haag v. State*, 591 So. 2d 614, 617 (Fla. 1992), for the proposition that under the "mailbox rule," a pro se inmate's motion "is deemed filed at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the state").

Second, the trial court never addressed the ineffective assistance of counsel claim raised in Scott's motion. Scott argued he received ineffective assistance of counsel when his attorney failed to advise him that double jeopardy principles precluded his convictions for both grand theft and scheme to defraud. *See Pizzo v. State*, 945 So. 2d 1203, 1206 (Fla. 2006) ("[D]ouble jeopardy principles preclude convictions for both grand theft and organized fraud based upon the same conduct."); *Henry v. State*, 64 So. 3d 181, 183 (Fla. 2d DCA 2011) (finding fundamental error and reversing conviction for grand theft as lesser-included offense of organized scheme to defraud); *Amison v. State*, 332 So. 3d 593, 598 (Fla. 1st DCA 2022) ("Grand theft is a lesser-included offense of organized scheme to defraud. . . . To convict of both crimes, the State must prove that different conduct gave rise to each charge.").

Because the trial court did not address the one claim raised in Scott's timely filed motion for postconviction relief, we now reverse the order summarily denying that motion and remand for it to do so. We take no position on the merits of Scott's claim.

REVERSED and REMANDED.

WHITE and MIZE, JJ., concur.

4

Stacy A. Scott, Kissimmee, pro se.

James Uthmeier, Attorney General, Tallahassee, and Kaylee D. Tatman, Assistant Attorney General, Daytona Beach, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED